1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2   MICHELLE LO (NYRN 4325163)
    Chief, Civil Division
3   JEVECHIUS D. BERNARDONI (CABN 281892)
    Assistant United States Attorney
4
        1301 Clay Street, Suite 340S
5       Oakland, California 94612-5217
        Telephone:  (510) 637-3721
6       Facsimile:  (510) 637-3724
        jevechius.bernardoni@usdoj.gov
7
    Attorneys for Defendants U.S. Customs and Border
8   Protection and U.S. Department of Homeland Security

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12  JULIAN SANCHEZ MORA, et al.,          Case No. 3:24-cv-02430-TLT

13          Plaintiffs,
                                          **NOTICE OF REVISED MOTION AND**
14      v.                                **REVISED MOTION TO TRANSFER OR**
                                          **DISMISS THE FIRST AMENDED COMPLAINT**
15  U.S. CUSTOMS AND BORDER
    PROTECTION, et al.,
16                                        Date:  November 5, 2024
            Defendants.                   Time: 2:00 p.m.
17                                        The Honorable Trina L. Thompson

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

NOTICE OF REVISED MOTION AND REVISED MOTION TO TRANSFER OR

DISMISS .................................................................................................................................1

ISSUES TO BE DECIDED ...........................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................2

I.    Introduction ....................................................................................................................2

II.   Factual Background ........................................................................................................3

III.  Legal Standards ..............................................................................................................4

    A.    Federal Rule Of Civil Procedure 12(b)(1) ........................................................4

    B.    Federal Rule of Civil Procedure 12(b)(3) .........................................................5

    C.    Federal Rule of Civil Procedure 12(b)(6) .........................................................5

IV.   Argument ........................................................................................................................6

    A.    The APA Claims Should Be Dismissed For Lack Of Subject Matter
        Jurisdiction Because They Are Precluded By The FOIA ..................................6

    B.    Sovereign Immunity Prevents The Plaintiffs Who Do Not Reside In The
        Northern District Of California From Pursuing Their FOIA Claims In This
        District ................................................................................................................9

    C.    Even If Section 552(a)(4)(B) Were Considered Non-Jurisdictional, García's
        And Ainab's FOIA Claims Are Improper Here Because Venue Does Not Lie
        In The Northern District Of California .............................................................13

        1.    Pendent Venue Is Unavailable For García's And Ainab's FOIA Claims
            Because Venue Is Governed By The FOIA's Special Forum Provision ..............13

        2.    Exercising Pendent Venue Is Also Improper Because This Is A
            Putative Class Action And Each Named Plaintiff Must Individually
            Satisfy Venue .........................................................................................................15

        3.    The New APA Claims In The FAC Cannot Provide Pendent Venue
            For García's And Ainab's FOIA Claims ..............................................................16

    D.    Because This Case Cannot Proceed In The Northern District Of California,
        The Case Should Be Transferred To The District Of Columbia Pursuant To 28
        U.S.C. § 1631, 28 U.S.C. § 1406(a), And 28 U.S.C. § 1404(a) ......................17

        1.    García's And Ainab's FOIA Claims Should Be Transferred To The
            District Of Columbia Under 28 U.S.C. § 1631 Or 28 U.S.C. § 1406(a) ..............18

        2.    The FOIA Claims Of The Other Plaintiffs Should Be Transferred To
            The District Of Columbia Under 28 U.S.C. § 1404(a) ........................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E.    If Sanchez Mora's, Waldron's, Flores Rodriguez's, And Garcia Mixcoa's FOIA Claims Proceed In This District, The Court Should Dismiss The Class Allegations ..............................................................................................21

F.    The FOIA Claims Against DHS Should Be Dismissed Because Plaintiffs Do Not Allege That They Submitted FOIA Requests To DHS..............................................23

V.    Conclusion .................................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Abissi v. USCIS*, No. 23-cv-03176, 2024 WL 1485887 (D. Md. Apr. 5, 2024) ............................... passim

*Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008 (9th Cir. 2007) ..................................... 10, 12, 22

*Amochaev v. Citigroup Global Mkts. Inc.*,
    No. 05-cv-1298-PJH, 2007 WL 484778 (N.D. Cal. Feb. 12, 2007)........................................ 15, 16

*Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858 (9th Cir. 2019)............................... 7, 8, 9

*Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987 (9th Cir. 2016) ..................................................... 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................................... 5

*Baeta v. Sonchik*, 273 F.3d 1261 (9th Cir. 2001)............................................................................. 17, 18

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990)............................................................ 5

*Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997)..................................................................................... 22

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................. 5

*Boggs v. United States*, 987 F. Supp. 11 (D.D.C. 1997) ........................................................................ 14

*Bowen v. Massachusetts*, 487 U.S. 879 (1988) ......................................................................................... 6

*Brennan Ctr. for Justice at NYU v. U.S. Dep't of Justice*, 697 F.3d 184 (2d Cir. 2012)........................ 21

*Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010) ........................................................................ 23

*Brown v. Plata*, 563 U.S. 493 (2011).......................................................................................................... 7

*Burchfield v. Corel Corp.*, No. 13-cv-02025-LHK, 2013 WL 12120088 (N.D. Cal. Sept. 12, 2013) ..... 21

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247 (9th Cir. 1979) .............................................................. 4

*Citizens for Responsibility & Ethics in Washington v. United States DOJ*,
    846 F.3d 1235 (D.C. Cir. 2017)................................................................................. 6, 7, 8, 9

*Davis v. California*, 734 F. App'x 560 (10th Cir. 2018) ........................................................................ 10

*Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999)...................................................................... 10

*Dreier v. United States*, 106 F.3d 844 (9th Cir. 1997)............................................................................. 5

*Dukes v. Wal-Mart Stores, Inc.*,
    No. 01-cv-2252-MJJ, 2001 WL 1902806 (N.D. Cal. Dec. 3, 2001)........................................... 15

*Echols v. Morpho Detection, Inc.*,
    No. 12-cv-1581-CW, 2013 WL 1501523 (N.D. Cal. Apr. 11, 2013) ............................... 14, 15, 17

*Evans v. Bearback, LLC*, No. 20-cv-172, 2020 WL 8366982 (N.D. Fla. Nov. 6, 2020)........................ 17

*FDIC v. Meyer*, 510 U.S. 471 (1994) ....................................................................... 10

*Feinman v. FBI*, 713 F. Supp. 2d 70 (D.D.C. 2010) ..................................................... 8

*Friends of the River v. United States Army Corps of Eng'rs*,
    No. 16-cv-05052-YGR, 2016 WL 6873467 (N.D. Cal. Nov. 22, 2016) ...................... 13

*Gabriel v. GSA*, 547 F. App'x 829, 831 (9th Cir. 2013) ................................................ 9

*Ghassan v. U.S. DOJ*, No. 22-cv-1615, 2023 WL 1815650 (D.D.C. Feb. 8, 2023) ........................ 23, 25

*Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985) .................................................... 10

*Gonzales & Gonzales Bonds v. U.S. Dep't of Homeland Sec.*,
    No. 11-cv-02267-DMR, 2012 WL 424852 (N.D. Cal. Feb. 9, 2012) .......................... 12

*Hajro v. United States Citizenship & Immigration Servs.*, 832 F. Supp. 2d 1095 (N.D. Cal. 2011) .... 7, 25

*Hajro v. USCIS*, 811 F.3d 1086 (9th Cir. 2016) ................................................... passim

*Harvey v. Lynch*, 12 F. Supp. 3d 3 (D.D.C. 2015) ...................................................... 7

*Hawkinson v. Immigration & Customs Enf't*, 554 F. Supp. 3d 253 (D. Mass. 2021) ...................... 7

*Hernandez v. Campbell*, 204 F.3d 861 n.6 (9th Cir. 2009) ............................................. 17

*Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997) ...................................................... 10

*Hoffman v. Blaski*, 363 U.S. 335 (1960) ............................................................. 18

*Holmes-Hamilton v. FBI*, No. 21-cv-00702, 2021 WL 5166376 (D. Md. Nov. 5, 2021) ........... 14, 15, 20

*Ickes v. AMC Networks Inc.*, No. 23-cv-00803-SI, 2023 WL 4297577 (N.D. Cal. June 30, 2023) ......... 19

*In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802 (9th Cir. 1991) ................................... 17

*In re Scott*, 709 F.2d 717 (D.C. Cir. 1983) ..................................................... passim

*Italian Colors Rest. v. Am. Express Co.*,
    No. 03-cv-3719-SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ......................... 19

*Jachetta v. United States*, 653 F.3d 898 (9th Cir. 2011) ............................................ 10

*Jackson v. Euphoria Wellness, LLC*,
    No. 20-cv-03297-CRB, 2020 WL 5366419 (N.D. Cal. Sept. 8, 2020) ........................ 19

*Jones v. GNC Franchising*, 211 F.3d 495 (9th Cir. 2000) ............................................. 19

*Khan v. U.S. Dep't of Homeland Sec.*, No. 22-cv-2480, 2023 WL 6215359 (D.D.C. Sept. 25, 2023) .. 8, 9

*Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136 (1980) ......................... 23, 24

*Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994) ....................................... 4

*Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947) ..................................... 19

1  *Lane v. Pena*, 518 U.S. 187 (1996)............................................................................ 10

2  *Laroche v. U.S. SEC*, No. 05-cv-4760-CW, 2006 WL 2868972 (N.D. Cal. Oct. 6, 2006) ...................... 7

3  *LaVictor v. Trump*, No. 19-cv-01900, 2020 WL 2527192 (D.D.C. May 18, 2020)................................ 23

4  *Long v. United States IRS*, 693 F.2d 907 (9th Cir. 1982) .................................................. 6, 8

5  *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) ........................................................... 19

6  *Matlack, Inc. v. U.S. EPA*, 868 F. Supp. 627 (D. Del. 1994).............................................. 21

7  *Mayock v. Nelson*, 938 F.2d 1006 (9th Cir. 1991) ......................................................... 6

8  *McGuire v. United States*, 550 F.3d 903 (9th Cir. 2008).................................................. 17

9  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988)... 4, 9

10 *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004)........................................... 5

11 *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221 (D.D.C. 2011) ...................................... 7

12 *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233 (D.D.C. 2012)........................................ 8

13 *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)......................................................... 5

14 *Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993 (E.D. Wis. 2003)................................... 17

15 *North Side Lumber Co. v. Block*, 753 F.2d 1482 (9th Cir. 1985) ....................................... 9, 12

16 *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990) ............................................... 23

17 *Our Children's Earth Found. v. EPA*,
18     No. 08-cv-01461-SBA, 2008 WL 3181583 (N.D. Cal. Aug. 4, 2008) ..................... 12, 17, 18, 20

19 *Payne Enterprises Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988) .................................. 7

20 *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979)........................... 5, 13

   *Poulos v. Caesars World, Inc.*, 379 F.3d 654 (9th Cir. 2004) ........................................... 22

21 *Pruitt v. J.P. Morgan Chase*, No. 15-cv-04778, 2016 WL 11794182 (C.D. Cal. June 30, 2016)...... 14, 15
22
   *RadioShack Corp. v. United States*, 105 Fed. Cl. 617 (2012) ........................................... 22
23
   *Rae v. Hawk*, No. 98-1099, 2001 WL 37155163 (D.D.C. Mar. 7, 2001) .................................... 24
24
   *Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009) .............................................. 5
25
   *Rosenfeld v. United States DOJ*,
26     No. 07-cv-03240-MHP, 2008 WL 3925633 (N.D. Cal. Aug. 22, 2008) ..................................... 25

27 *Rosiere v. United States*, 693 F. App'x 556 (9th Cir. 2017)........................................... 11, 12

28 *Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)........................................... 4

1    *Saravia v. Sessions*, 280 F. Supp. 3d 1168 (N.D. Cal. 2017) ........................................... 5, 15, 16

2    *Savage v. Glendale Union High School*, 343 F.3d 1036 (9th Cir. 2003).................................... 4

3    *Sierra Club v. TVA*, 905 F. Supp. 2d 356 (D.D.C. Nov. 29, 2012) ......................................... 2

4    *Spurlock v. FBI*, 69 F.3d 1010 (9th Cir. 1995) ....................................................................... 24

5    *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ......................................................................... 6

6    *Stuler v. IRS*, No. 12-cv-0391, 2012 WL 1893579 (W.D. Pa. May 24, 2012) ........................ 9

7    *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495 (9th Cir. 2001)................. 4

8    *Tucson Airport Auth. v. General Dynamics Corp.*, 136 F.3d 641 (9th Cir. 1998) ..................... 6

9    *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907 (9th Cir. 2009) ........................... 11, 22

10   *United States v. White Mountain Apache Tribe*, 537 U.S. 465 (2003) ................................... 10

11   *Vacek v. United States Postal Serv.*, 447 F.3d 1248 (9th Cir. 2006) ..................................... 10

12   *Weinberger v. Salfi*, 422 U.S. 749 (1975)............................................................................... 22

13   *Whitaker v. DOC*, 970 F.3d 200 (2nd Cir. 2020).................................................................... 21

14   *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000)............................................................................ 4

15   *WowWee Group Limited v. Wallace*, No. 12-cv-2298, 2012 WL 13013022 (C.D. Cal., June 27, 2012) .. 2

16   *Yagman v. Pompeo*, 868 F.3d 1075 (9th Cir. 2017) ...................................................... 10, 11, 12, 22

17   *Zamorano v. Garland*, 2 F.4th 1213 (9th Cir. 2021) ..................................................... 11, 12, 22

18   **<u>Statutes</u>**

19   28 U.S.C. § 1331 ................................................................................................................. 9, 12

20   28 U.S.C. § 1391(e)(1)...................................................................................................... 13, 19

21   28 U.S.C. § 1404(a) ......................................................................................................... passim

22   28 U.S.C. § 1406(a) ................................................................................................... 1, 17, 18

23   28 U.S.C. § 1631 ....................................................................................................... 1, 17, 18

24   28 U.S.C. §§ 2201-2202 ........................................................................................................ 9

25   5 U.S.C. § 552(a)(4)(B) .................................................................................................. passim

26   5 U.S.C. § 704 ...................................................................................................................... 16

27   5 U.S.C. § 706(1) .................................................................................................................. 8

28

**Other Authorities**

Dep't of Justice, Guide to the Freedom of Information Act § 3-17.100B (2012) ...................................... 2

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .............................................................................. 1, 4

Federal Rule of Civil Procedure 12(b)(3) .............................................................................. 1, 5

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1, 5

Federal Rule of Civil Procedure 23 ...................................................................................... 21, 22

**Treatises**

14D Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 3807 (4th ed. 2023)............................................... 13, 19

14D Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 3808 (4th ed. 2023)................................................... 14

**Regulations**

6 C.F.R. § 5.1(c) .................................................................................................................... 24

6 C.F.R. § 5.3(a) .................................................................................................................... 24

6 C.F.R. § 5.4(a) .................................................................................................................... 24

1

**NOTICE OF REVISED MOTION AND REVISED MOTION TO TRANSFER OR DISMISS**

2      PLEASE TAKE NOTICE that on November 5, 2024, at 2:00 p.m., or as soon thereafter as the

3  matter may be heard, in Courtroom 9, 19th Floor of the San Francisco Courthouse, 450 Golden Gate

4  Avenue, San Francisco, CA 94102, before the Honorable Trina L. Thompson, defendants U.S. Customs

5  and Border Protection ("CBP") and U.S. Department of Homeland Security ("DHS" and, collectively with

6  CBP, "Defendants"), will and hereby do move to dismiss the claims arising under the Administrative

7  Procedure Act ("APA"), to dismiss DHS, and to transfer the Freedom of Information Act ("FOIA") claims

8  to the United States District Court for the District of Columbia ("District of Columbia") or, in the

9  alternative, to dismiss certain aspects of the First Amended Complaint ("FAC").  This revised motion is

10  brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) and transfer statutes

11  28 U.S.C. § 1631, 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a).  This revised motion is based on this

12  Notice; the Memorandum of Points and Authorities; the pleadings, records, and files in this case; other

13  matters of which the Court takes judicial notice; and such other written or oral argument as may be

14  presented at or before the time the Court takes this motion under submission.

15                        **ISSUES TO BE DECIDED**

16      1.      Whether the APA claims are precluded because the FOIA already provides adequate relief;

17      2.      Whether, under 5 U.S.C. § 552(a)(4)(B), this Court has subject matter jurisdiction over the

18  FOIA claims of Plaintiffs García and Ainab;

19      3.      Whether, under 5 U.S.C. § 552(a)(4)(B), venue is proper in the Northern District of

20  California;

21      4.      Whether Plaintiffs' FOIA claims should be transferred to the District of Columbia pursuant

22  to 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a);

23      5.      Whether the class allegations should be dismissed for lack of subject matter jurisdiction in

24  the Northern District of California; and

25      6.      Whether the FOIA claim against DHS should be dismissed because Plaintiffs do not allege

26  that they submitted any FOIA requests to DHS.

27

28

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.     Introduction

3          In this lawsuit, Plaintiffs—four of whom reside in the Northern District of California, two of whom

4     do not—seek to certify the second ever nationwide FOIA class action.  But this case cannot be litigated in

5     the Northern District of California because the special forum provision in the FOIA prevents the Plaintiffs

6     who do not reside in this District (*i.e.*, García and Ainab) from pursuing their FOIA claims here.

7     Defendants already filed a motion to transfer or dismiss (ECF No. 40), but rather than filing an opposition

8     to that motion, Plaintiffs filed the FAC.[1]  Not only does the FAC suffer from the exact same jurisdictional

9     deficiencies as the original complaint, but the APA claims in the FAC introduce new dispositive

10    jurisdictional issues.  Judicial review under the APA is limited to agency actions for which there is no

11    other adequate remedy, and the FOIA provides an adequate remedy here (in fact, the APA and FOIA

12    claims in the FAC seek the *same* remedy).  As such, the new APA claims in the FAC must be dismissed

13    as precluded by the FOIA.

14         Significantly, there is a federal district court that has jurisdiction over the FOIA claims of *all* the

15    Plaintiffs in this lawsuit, but it is *not* the Northern District of California.  Instead, the proper forum for this

16    lawsuit is the District of Columbia, which is the "all-purpose," "universal venue for FOIA lawsuits[.]"  *In*

17    *re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983); *Sierra Club v. TVA*, 905 F. Supp. 2d 356, 359 (D.D.C. Nov.

18    29, 2012) (quoting Dep't of Justice, Guide to the Freedom of Information Act § 3-17.100B (2012)).

19    Because the FOIA claims in this case cannot all be litigated in the Northern District of California, the

20    entire lawsuit should be transferred to the District of Columbia, which is the only forum that can consider

21    the FOIA claims of all Plaintiffs in this case.  Indeed, transfer to the District of Columbia would remedy

22    many of the jurisdictional and venue deficiencies described in this motion.

23         To the extent the Court does not transfer Plaintiffs' FOIA claims to the District of Columbia, it

24    should dismiss García's and Ainab's FOIA claims for lack of jurisdiction and/or improper venue.  The

25    Court also should dismiss the class allegations for lack of subject matter jurisdiction because the federal

26

27    _____

      [1] The transfer arguments in the prior motion (ECF No. 40) are equally applicable to the FAC, and
28    the Court thus "has discretion [to] interpret the Motion to Transfer as applicable to the First Amended
      Complaint where such a motion remains applicable."  *WowWee Group Limited v. Wallace*, No. 12-cv-
      2298, 2012 WL 13013022, at *1 (C.D. Cal., June 27, 2012).

1    government's limited waiver of sovereign immunity in the FOIA does not grant this Court jurisdiction to

2    enjoin Defendants on behalf of putative plaintiffs who do not reside in or have their principal place of

3    business in the Northern District of California.  Finally, the Court should dismiss the FOIA claim against

4    DHS because Plaintiffs do not allege that they submitted FOIA requests to DHS.

5    **II.    Factual Background**

6          This case is a putative FOIA class action.  The original complaint was filed by five named

7    Plaintiffs, three of whom do not reside in this District.  ECF No. 1.  The FAC adds two in-District

8    Plaintiffs, drops one out-of-District Plaintiff, and retains two of the out-of-District Plaintiffs.

9          Plaintiff Julian Sanchez Mora ("Sanchez Mora") is an immigration and criminal defense attorney

10   at Immigrant Crime and Justice LLP, a law firm in San Francisco, California.  FAC ¶ 18.  Plaintiff Siobhan

11   Waldron ("Waldron") is an attorney with Immigrant Legal Defense, a nonprofit organization based in

12   Oakland, California.  *Id.* ¶ 19.  Plaintiff Carlos Moctezuma García ("García") is an attorney practicing

13   immigration and criminal law at García & García, Attorneys at Law P.L.L.C., in McAllen, Texas.  *Id.*

14   ¶ 20.  Plaintiff Ali Ainab ("Ainab") is an individual who resides in Somerville, Massachusetts.  *Id.* ¶ 21.

15   Plaintiff Rafael Edgardo Flores Rodriguez ("Flores Rodriguez") is an individual who resides in San Jose,

16   California.  *Id.* ¶ 21.  Plaintiff Beatriz Ariadna Garcia Mixcoa ("Garcia Mixcoa") is an individual who

17   resides in San Rafael, California.  *Id.* ¶ 23.  Neither García nor Ainab resides in the Northern District of

18   California.  *Id.* ¶¶ 20-21.  The alleged basis for filing a putative class action in this District is that

19   "Plaintiffs Sanchez Mora, Waldron, Florez [sic] Rodriguez, and Garcia Mixcoa reside in this District[.]"

20   FAC ¶ 15.

21          Plaintiffs claim that they submitted FOIA requests to CBP and that CBP failed to respond to those

22   FOIA requests within 30 days.  *Id.* ¶¶ 18-23 & 52-66.  Plaintiffs do not allege that they submitted any

23   FOIA requests to DHS.

24          The FAC asserts one cause of action under the FOIA and two causes of action under the APA.

25   Each of those causes of action rests on the same central allegation that CBP maintains a pattern or practice

26   of failing to make determinations within 30 days of the submission to CBP of FOIA requests seeking

27   individuals' CBP records.  *Id.* ¶¶ 77-110.  Moreover, each of those causes of action seek the same form of

28   equitable relief—a Court order forcing Defendants to comply with Plaintiffs' interpretation of the timing

1    provisions of the FOIA.  *Id.* ¶¶ 86, 100, & 110.

2          Plaintiffs seek to certify a nationwide class consisting of:

3          All persons who filed, or will file, FOIA requests with CBP for an individual's records
          which have been pending, or will be pending, with CBP for more than 30 business days
4          without a determination.

5          For purposes of the class definition, and notwithstanding whether CBP internally classifies
          a request as simple or complex, a FOIA request for individual records means a request for
6          records related to an individual, including the individual's entry into and/or exit from the
          United States; admission, withdrawal of admission, or denial of admission to the United
7          States; criminal history; apprehension, inspection by, or interactions with, CBP employees;
          and removal, deportation, exclusion, voluntary return, and/or expulsion under any
8          provision of the Immigration and Nationality Act or 42 U.S.C. § 265.

9    *Id.* ¶ 68.

10   **III.    Legal Standards**

11        **A.    Federal Rule Of Civil Procedure 12(b)(1)**

12        "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Insurance Co.*, 511

13   U.S. 375, 377 (1994).  A federal court is presumed to lack jurisdiction in a particular case unless the

14   contrary affirmatively appears.  *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979);

15   *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the federal court's] limited

16   jurisdiction.").  A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court.

17   *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  "When subject matter

18   jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving

19   jurisdiction in order to survive the motion."  *Tosco Corp. v. Communities for Better Environment*, 236

20   F.3d 495, 499 (9th Cir. 2001).  Federal subject matter jurisdiction must exist at the time the action is

21   commenced.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380

22   (9th Cir. 1988).

23        "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*,

24   373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack "asserts that the allegations contained in a complaint

25   are insufficient on their face to invoke federal jurisdiction."  *Id*.  A factual challenge, on the other hand,

26   allows the court to look beyond the complaint without "presum[ing] the truthfulness of the plaintiff's

27   allegations."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  On a Rule 12(b)(1) motion, the Court

28   can hear evidence outside the pleadings and resolve factual disputes, if necessary, without treating the

1  motion as one for summary judgment.  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009);

2  *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997).

3  **B.**  **Federal Rule of Civil Procedure 12(b)(3)**

4  Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for

5  improper venue.  After a defendant challenges venue, the plaintiff has the burden to show that venue is

6  proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Saravia*

7  *v. Sessions*, 280 F. Supp. 3d 1168, 1188 (N.D. Cal. 2017), *aff'd sub nom. Saravia ex rel. A.H. v. Sessions*,

8  905 F.3d 1137 (9th Cir. 2018).  When considering a Rule 12(b)(3) motion, the court need not accept as

9  true all allegations in the complaint and may consider facts outside the pleadings.  *See Murphy v. Schneider*

10  *Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  Still, the Court "is obligated to draw all reasonable

11  inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving

12  party."  *Id.* at 1138.

13  **C.**  **Federal Rule of Civil Procedure 12(b)(6)**

14  A Rule 12(b)(6) challenge disputes "the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d

15  729, 732 (9th Cir. 2001).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there

16  is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

17  legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The Supreme Court's

18  decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662

19  (2009), make clear that conclusory allegations are no longer sufficient to withstand a challenge under

20  Rule 12(b)(6).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible

21  on its face."  *Twombly*, 550 U.S. at 570.  A claim has "facial plausibility" only if the complaint pleads

22  facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the

23  misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the Court must treat all factual allegations as true for

24  purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a

25  factual allegation."  *Id.*

26  In light of *Twombly* and *Iqbal*, the Ninth Circuit has articulated a two-part test that the plaintiff

27  must pass to survive a motion to dismiss.

28  First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim
    may not simply recite the elements of a cause of action, but must contain sufficient

1    allegations of underlying facts to give fair notice and to enable the opposing party to defend
2    itself effectively.  Second, the factual allegations that are taken as true must plausibly
     suggest an entitlement to relief, such that it is not unfair to require the opposing party to be
3    subjected to the expense of discovery and continued litigation.

4    *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

5    **IV.    Argument**

6         **A.    The APA Claims Should Be Dismissed For Lack Of Subject Matter Jurisdiction
                Because They Are Precluded By The FOIA**
7

8         Plaintiffs' APA claims seek the same relief as Plaintiffs' FOIA claim (*i.e.*, equitable relief forcing

9    Defendants to process FOIA requests for individuals' CBP records in accordance with Plaintiffs'

10   interpretation of the FOIA's statutory deadlines).  But the federal government has not waived sovereign

11   immunity under the APA where there is an adequate remedy under another source of law (in this case, the

12   FOIA).  As a result, the APA claims must be dismissed for lack of subject matter jurisdiction.

13        The APA limits judicial review to "agency actions 'for which there is no other adequate remedy

14   in a court.'"  *Citizens for Responsibility & Ethics in Washington v. United States DOJ*, 846 F.3d 1235,

15   1241 (D.C. Cir. 2017) ("*CREW*") (quoting 5 U.S.C. § 704).  This limitation on the APA's waiver of

16   sovereign immunity "reflects Congress' judgment that the general grant of review in the APA ought not

17   duplicate existing procedures for review of agency action or provide additional judicial remedies in

18   situations where Congress has provided special and adequate review procedures."  *Bowen v.*

19   *Massachusetts*, 487 U.S. 879, 903 (1988) (citation omitted); *see also Tucson Airport Auth. v. General*

20   *Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998) ("the APA waives sovereign immunity" if "an

21   adequate remedy . . . is not available elsewhere").  An alternative remedy "need not provide relief *identical*

22   to that under the APA in order to have preclusive effect."  *CREW*, 846 F.3d at 1245 (emphasis in original).

23        Ninth Circuit jurisprudence expressly recognizes that pattern or practice claims are available under

24   the FOIA, and those cases acknowledge that courts' equitable powers under the FOIA extend to remedying

25   cognizable pattern or practice FOIA claims.  *See Hajro v. USCIS*, 811 F.3d 1086, 1101-03 (9th Cir. 2016)

26   (the "plain language [of the FOIA] clearly contemplates declaratory and injunctive relief"); *Mayock v.*

27   *Nelson*, 938 F.2d 1006, 1006 (9th Cir. 1991); *Long v. United States IRS*, 693 F.2d 907, 909-10 (9th Cir.

28   1982).  Indeed, the FOIA "vests courts with broad equitable authority."  *CREW*, 846 F.3d at 1241.  "Once

1    invoked, the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent

2    in equitable remedies." *Brown v. Plata*, 563 U.S. 493, 538 (2011) (citations and internal quotation marks

3    omitted).

4          Consistent with the limitations on the APA's waiver of sovereign immunity in 5 U.S.C. § 704,

5    courts routinely dismiss APA claims seeking relief that is already available under the FOIA.  *See, e.g.*,

6    *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 877 (9th Cir. 2019) (affirming dismissal of

7    APA claims and holding that "[b]ecause FOIA authorizes district courts to order agencies to comply with

8    the readingroom provision and supplies the standard for reviewing such claims, the potential for

9    meaningful relief under FOIA displaces the APA's catch-all cause of action") (citing 5 U.S.C. § 704);

10   *CREW*, 846 F.3d at 1245 (holding that "FOIA offers an 'adequate remedy' within the meaning of

11   section 704 such that CREW's APA claim is barred") (citing 5 U.S.C. § 704); *Hajro v. United States*

12   *Citizenship & Immigration Servs.*, 832 F. Supp. 2d 1095, 1114 (N.D. Cal. 2011) (granting motion for

13   summary judgment on APA claim "[b]ecause FOIA provides an adequate remedy"); *Laroche v. U.S. SEC*,

14   No. 05-cv-4760-CW, 2006 WL 2868972, at *4 (N.D. Cal. Oct. 6, 2006) (dismissing APA claim because

15   the FOIA "remedy is identical to any remedy Plaintiff would be able to seek under the APA"); *Hawkinson*

16   *v. Immigration & Customs Enf't*, 554 F. Supp. 3d 253, 282 (D. Mass. 2021) (dismissing APA claim

17   because it "appears that FOIA provides an adequate remedy as to the order requested in [the APA claim]");

18   *Harvey v. Lynch*, 12 F. Supp. 3d 3, 7-8 (D.D.C. 2015) (courts "have 'uniformly' concluded that they lack

19   jurisdiction over APA claims that seek remedies available under FOIA").

20         Indeed, numerous courts have dismissed APA claims challenging an alleged agency policy or

21   practice that purportedly violates the FOIA—like Plaintiffs' APA claims in this lawsuit—on the grounds

22   that the FOIA provides adequate relief and, thus, precludes a claim under the APA.  For example, *Muttitt*

23   *v. U.S. Cent. Command* was a case challenging an alleged pattern or practice of violating the procedural

24   requirements of the FOIA.  813 F. Supp. 2d 221, 229 (D.D.C. 2011).  The *Muttitt* court found that "APA

25   relief is foreclosed here" because "the Court has the power under FOIA and *Payne Enterprises Inc. v.*

26   *United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), to provide the requested declaratory and injunctive

27   remedies."  *Id.* (cleaned up).  In *Khan v. U.S. Dep't of Homeland Sec.*, the court similarly dismissed an

28   APA pattern or practice claim, holding "[t]hat such a claim exists under FOIA is why an analogous APA

1  claim cannot stand." No. 22-cv-2480, 2023 WL 6215359, at *8 (D.D.C. Sept. 25, 2023). The same result

2  (*i.e.*, dismissal of a pattern or practice APA claim seeking to challenge an agency's practices under the

3  FOIA) was also reached in *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 266 (D.D.C. 2012), and

4  *Feinman v. FBI*, 713 F. Supp. 2d 70, 76-78 (D.D.C. 2010).

5       Here, the FOIA unambiguously would provide adequate relief for Plaintiffs' APA claims.

6  Plaintiffs' first APA cause of action asserts that, under the APA, federal courts "shall . . . compel agency

7  action unlawfully withheld or unreasonably delayed." FAC ¶ 78 (quoting 5 U.S.C. § 706(1)). In support

8  of their timeliness contentions for the first APA claim, Plaintiffs cite the FOIA to provide a purported

9  "statutory deadline" and allege that Defendants have a "nationwide pattern or practice of failing to make

10 determinations regarding FOIA requests for an individual's records within the [FOIA's] statutory

11 period[.]" *Id.* ¶¶ 79-81. The first APA claim seeks an order compelling "Defendants to make

12 determinations and make records available" consistent with Plaintiffs' interpretation of the FOIA. *Id.*

13 ¶ 86. But that request for relief is essentially identical to the request for relief in Plaintiffs' FOIA claim.

14 *See id.* ¶ 110 (asking the Court to "issue an order compelling Defendants to make determinations and

15 produce records in accordance with the FOIA"). Governing Ninth Circuit precedent demonstrates that,

16 assuming Plaintiffs can prove a cognizable FOIA pattern or practice claim, the FOIA would provide the

17 Court with the equitable power to fashion an adequate remedy. *See Hajro*, 811 F.3d at 1103; *Long*, 693

18 F.2d at 909-10. Thus, because the FOIA provides an adequate remedy for Plaintiffs' first APA cause of

19 action, the FOIA precludes that claim, the Court lacks subject matter jurisdiction over that claim, and that

20 claim thus should be dismissed. *CREW*, 846 F.3d at 1245; *U.S. Dep't of Agric.*, 935 F.3d at 877; *Khan*,

21 2023 WL 6215359, at *8 ("[t]hat such a [pattern or practice] claim exists under FOIA is why an analogous

22 APA claim cannot stand").

23       Plaintiffs' second APA cause of action fares no better. That claim relies on the "arbitrary or

24 capricious" provision of the APA and again invokes the FOIA by contending that Defendants have a

25 "nationwide pattern or practice of failing to make determinations regarding FOIA requests for an

26 individual's records within the [FOIA's] statutory period and failing to make requested records promptly

27 available." FAC ¶¶ 89-91. Plaintiffs' second APA cause of action seeks an order remedying "CBP's

28 pattern or practice of failing to comply *with the FOIA*." *Id.* ¶ 100 (emphasis added). But that request for

1    relief is identical to the relief requested in Plaintiffs' FOIA claim, and it is indisputable that the FOIA

2    would provide an adequate remedy (assuming, of course, that Plaintiffs can prove the underlying FOIA

3    claim).  *Compare id. with id.* ¶ 110; *see also Hajro*, 811 F.3d at 1103; *Long*, 693 F.2d at 909-10.  The

4    FOIA thus provides an adequate remedy for Plaintiffs' second APA cause of action, and that claim also

5    should be dismissed for lack of subject matter jurisdiction.  *CREW*, 846 F.3d at 1245; *U.S. Dep't of Agric.*,

6    935 F.3d at 877 (rejecting APA claim under the "arbitrary and capricious" standard as "displace[d]" by

7    the FOIA); *Khan*, 2023 WL 6215359, at *8.

8         In short, Plaintiffs' APA claims are precluded by the FOIA, and they must be dismissed for lack

9    of subject matter jurisdiction.

10   **B.    Sovereign Immunity Prevents The Plaintiffs Who Do Not Reside In The Northern
         District Of California From Pursuing Their FOIA Claims In This District**

11

12        The only cognizable waiver of the government's sovereign immunity identified in the FAC is

13   5 U.S.C. § 552, and the only basis for initiating suit in this forum is that four of the Plaintiffs (Sanchez

14   Mora, Waldron, Flores Rodriguez, and Garcia Mixcoa) reside in the Northern District of California.[2]  FAC

15   ¶¶ 13-15.  But, far from showing that the FOIA claims can proceed in this District, these allegations

16   demonstrate that this Court *does not* have subject matter jurisdiction over the FOIA claims of the two

17   Plaintiffs who reside outside the Northern District of California (García and Ainab).  The cited provision,

18   5 U.S.C. § 552(a)(4)(B), is "a limited waiver of the government's sovereign immunity," *Stuler v. IRS*,

19   No. 12-cv-0391, 2012 WL 1893579, at *2 (W.D. Pa. May 24, 2012); *see also Davis v. California*, 734 F.

20

21        [2] Although the FAC also claims that the APA waives sovereign immunity (FAC ¶ 14), that waiver
     has no role in this case because the FOIA provides an adequate remedy for Plaintiffs' APA claims, and
22   the APA claims are thus precluded.  *See supra* Part IV.A.  The FAC also contends that subject matter
     jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §§ 2201-2202
23   (Declaratory Judgment Act).  FAC ¶ 13.  But neither Section 1331 nor the Declaratory Judgment Act
     constitutes a waiver of the government's sovereign immunity or is an independent basis for jurisdiction.
24   *See, e.g.*, *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 & n.3 (9th Cir. 1985) ("[T]he analysis of
     jurisdiction cannot stop with § 1331, because the claims in this case are in essence against the federal
25   government, and thus are barred by sovereign immunity unless the government has consented to suit. . . .
     Title 28 U.S.C. § 1331 does not itself waive sovereign immunity."); *Morongo*, 858 F.2d at 1382-83
26   ("[Plaintiff] is also precluded from grounding jurisdiction on the Declaratory Judgment Act.  The
     Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it
27   does not constitute an independent basis for jurisdiction.") (citation omitted); *Gabriel v. GSA*, 547 F.
     App'x 829 (9th Cir. 2013) (stating that "we have consistently held that § 1331 does not waive the
28   government's sovereign immunity from suit" and holding that the "Declaratory Judgment Act does not
     constitute an independent basis for jurisdiction.") (citations and quotation marks omitted).

App'x 560, 564 (10th Cir. 2018), and the Ninth Circuit describes this provision as the "'jurisdiction-granting' provision" of the FOIA. *Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017); *see also Hajro*, 811 F.3d at 1101 (calling Section 552(a)(4)(B) the "FOIA's waiver of immunity and jurisdictional grant[.]").  Because García and Ainab do not reside in the Northern District of California and do not otherwise qualify under Section 552 to bring a FOIA action in this District, their FOIA claims fall outside the government's limited waiver of sovereign immunity.

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  "Before [a court] may exercise jurisdiction over any suit against the government, [the court] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted)).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted); *Gilbert*, 756 at 1458 ("Such waiver cannot be implied, but must be unequivocally expressed.") (citation omitted).  "'[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'" *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).  Plaintiffs bear the burden of establishing "some form of statutory authorization for their claims." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

"The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).  As such, "[t]o confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction," as "the cornerstone of federal subject matter jurisdiction is statutory authorization." *Alvarado*, 509 F.3d at 1016; *accord Meyer*, 510 U.S. at 475 ("[T]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal quotation marks and brackets omitted).  Courts "simply cannot

1   waive sovereign immunity where Congress has not." *Hajro*, 811 F.3d at 1099 (upholding sovereign-

2   immunity defense in FOIA settlement-enforcement case); *Zamorano v. Garland*, 2 F.4th 1213, 1225 (9th

3   Cir. 2021) ("[f]ederal courts must scrupulously confine their own jurisdiction to the precise limits which

4   a federal statute has defined" and "cannot overrule Congress's limits on [their] subject-matter

5   jurisdiction") (quotation marks omitted). Where a statute "supplies both a basis for the exercise of subject

6   matter jurisdiction and a concomitant waiver of sovereign immunity in [a particular court]," the statute "is

7   a package deal—the waiver of sovereign immunity is coextensive with the jurisdiction the statute confers"

8   and "neither waives sovereign immunity for suit in, nor confers jurisdiction on, [any other court]." *United*

9   *States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009) (discussing the Tucker Act).

10         Section 552(a)(4)(B) expressly conditions the government's limited waiver of sovereign immunity

11  by vesting "jurisdiction" to hear FOIA disputes in specifically identified district courts.

12  Section 552(a)(4)(B) provides:

13         On complaint, the district court of the United States in the district [(1)] in which the
           complainant resides, or has his principal place of business, or [(2)] in which the agency
14         records are situated, or [(3)] in the District of Columbia, has jurisdiction to enjoin the
           agency from withholding agency records and to order the production of any agency records
15         improperly withheld from the complainant."

16  5 U.S.C. § 552(a)(4)(B). The forum provisions of Section 552(a)(4)(B) are a "package deal" with the

17  government's statutory waiver of sovereign immunity; the FOIA's waiver of sovereign immunity for suit

18  in those forums thus "neither waives sovereign immunity for suit in, nor confers jurisdiction on, [any other

19  court]." *Park Place Assocs., Ltd.*, 563 F.3d at 927. Indeed, the Ninth Circuit has repeatedly described the

20  forum provisions of Section 552(a)(4)(B) in jurisdictional terms. For example, in *Yagman*, the Ninth

21  Circuit held that Section 552(a)(4)(B) is the FOIA's "'jurisdiction-granting' provision[.]" 868 F.3d at

22  1083. Similarly, in *Hajro*, the Ninth Circuit described Section 552(a)(4)(B) as the "FOIA's waiver of

23  immunity and jurisdictional grant[.]" 811 F.3d at 1101. And in *Rosiere v. United States*, the Ninth Circuit

24  affirmed dismissal of a FOIA action where "the district court lacked jurisdiction" over the plaintiff's FOIA

25  complaint. 693 F. App'x 556, 557 (9th Cir. 2017) (quoting the forum provisions in Section 552(a)(4)(B)).

26         Here, García and Ainab do not reside in the Northern District of California. FAC ¶¶ 15 & 20-21.

27  And those Plaintiffs do not allege that they have a principal place of business in this District or that the

28  records at issue in their FOIA requests are situated in this District. As such, García and Ainab do not

establish a statutory waiver of the government's sovereign immunity that would allow them to pursue their FOIA claims in the Northern District of California. *Alvarado*, 509 F.3d at 1016. Because García's and Ainab's FOIA claims in this District fall outside the scope of the government's limited waiver of sovereign immunity in Section 552(a)(4)(B), García and Ainab cannot pursue their FOIA claims here.

While several cases in this District—all pre-dating *Yagman* and *Hajro*—have held that Section 552(a)(4)(B) is a venue provision and not a "jurisdiction conferring statute," *see, e.g.*, *Our Children's Earth Found. v. EPA*, No. 08-cv-01461-SBA, 2008 WL 3181583, at *5-6 (N.D. Cal. Aug. 4, 2008); *Gonzales & Gonzales Bonds v. U.S. Dep't of Homeland Sec.*, No. 11-cv-02267-DMR, 2012 WL 424852, at *3 (N.D. Cal. Feb. 9, 2012), subsequent Ninth Circuit caselaw expressly, and repeatedly, clarifies that Section 552(a)(4)(B) is in fact a "jurisdiction-granting provision," and this Court is bound by that precedent. *See Yagman*, 868 F.3d at 1083; *Hajro*, 811 F.3d at 1101; *see also Rosiere*, 693 F. App'x at 557 (analyzing Section 552(a)(4)(B) in jurisdictional terms). Further, because *Our Children's Earth Foundation* and *Gonzales* both based their analysis on 28 U.S.C. § 1331, they failed to consider sovereign immunity under the correct statute since "Title 28 U.S.C. § 1331 does not itself waive sovereign immunity." *North Side Lumber Co.*, 753 F.2d at 1484 & n.3. Instead, "the existence of consent to suit is a prerequisite for jurisdiction," and, to overcome sovereign immunity, there must be an express waiver of immunity—which Section 1331 is not—and statutory authority vesting a district court with subject matter jurisdiction. *Alvarado*, 509 F.3d at 1016. That is the purpose of Section 552(a)(4)(B); it is not merely a venue statute, but rather it provides the statutory authority needed to establish jurisdiction. Section 552(a)(4)(B) vests jurisdiction only with certain enumerated district courts, and this Court cannot enlarge the scope of the government's statutory waiver of sovereign immunity. *See Hajro*, 811 F.3d at 1100 ("A waiver of sovereign immunity means the United States is amenable to suit in a court properly possessing jurisdiction; it does not guarantee a forum."); *Zamorano*, 2 F.4th at 1225 ("[f]ederal courts must scrupulously confine their own jurisdiction to the precise limits which a federal statute has defined"). Accordingly, the conclusion in *Our Children's Earth Foundation* and *Gonzales* that Section 552(a)(4)(B) is only a venue statute should not be adopted in this case.

In sum, the government did not consent to permit individuals like García and Ainab, each of whom resides outside the Northern District of California, to litigate their FOIA claims against Defendants in this

District.

**C.    Even If Section 552(a)(4)(B) Were Considered Non-Jurisdictional, García's And Ainab's FOIA Claims Are Improper Here Because Venue Does Not Lie In The Northern District Of California**

To the extent Section 552(a)(4)(B) is considered, contrary to Ninth Circuit precedent, solely a venue statute rather than a jurisdiction-granting provision, that statute demonstrates that venue is improper in this District.  Under the FOIA, venue must be proper "as to each claim and as to each party."  *Abissi v. USCIS*, No. 23-cv-03176, 2024 WL 1485887, at *1 (D. Md. Apr. 5, 2024) (analyzing venue under 5 U.S.C. § 552(a)(4)(B)); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3807 (4th ed. 2023) ("Wright & Miller").

Here, Plaintiffs cannot meet their burden of demonstrating that venue is proper with respect to the FOIA claims of García and Ainab.  *Abissi*, 2024 WL 1485887, at *1-2 (holding that venue in the District of Maryland was not proper for a FOIA action where only two of the seven plaintiffs resided in that district because "venue must be proper as to each claim and as to each party"); *Piedmont Label Co.*, 598 F.2d at 496 (plaintiffs bear the burden of establishing proper venue).  García and Ainab are not Northern District of California residents.  Instead, García's principal place of business is in McAllen, Texas (FAC ¶ 20) and Ainab resides in Somerville, Massachusetts (*id.* ¶ 21).  García and Ainab also do not allege that the records underlying their FOIA requests are situated in this District.  As a result, García and Ainab identify no statutory basis for bringing their FOIA claims in the Northern District of California.  *See* 5 U.S.C. § 552(a)(4)(B).  Because venue must be proper for each claim and for each party, the Northern District of California "is therefore not a proper venue for" García's and Ainab's FOIA claims.  *Abissi*, 2024 WL 1485887, at *2.[3]

**1.    Pendent Venue Is Unavailable For García's And Ainab's FOIA Claims Because Venue Is Governed By The FOIA's Special Forum Provision**

The mere fact that some of the named Plaintiffs live in the Northern District of California does not mean that this Court can overlook the venue requirements as to the out-of-District Plaintiffs' FOIA claims

---

[3] The FAC also invokes the general venue provision in 28 U.S.C. § 1391(e)(1) (FAC ¶ 15), but Section 1391(e)(1) does not apply to FOIA claims.  *See Friends of the River v. United States Army Corps of Eng'rs*, No. 16-cv-05052-YGR, 2016 WL 6873467, at *2 (N.D. Cal. Nov. 22, 2016).

1  under the pendent venue doctrine.  Courts facing the precise scenario presented by Plaintiffs' lawsuit (*i.e.*,

2  a FOIA lawsuit brought by multiple plaintiffs where only a subset of the plaintiffs' FOIA claims are

3  properly venued) routinely find that pendent venue does not apply to the improperly venued FOIA claims.

4  *See*, *e.g.*, *Holmes-Hamilton v. FBI*, No. 21-cv-00702, 2021 WL 5166376, at *4 (D. Md. Nov. 5, 2021);

5  *Abissi*, 2024 WL 1485887, at *3.

6        Pendent venue is a "judge-made doctrine that permits a court to hear claims for which venue does

7  not properly lie in the district when they are closely related to claims for which venue is proper." *Abissi*,

8  2024 WL 1485887, at *3 (discussing pendent venue in the FOIA context); 14D Wright & Miller § 3808.

9  However, "[w]here claims are governed by a special venue statute . . . , which limits venue to specified

10  districts, such claims may be brought only in a district specified by the statute." *Echols v. Morpho*

11  *Detection, Inc.*, No. 12-cv-1581-CW, 2013 WL 1501523, at *6 (N.D. Cal. Apr. 11, 2013) (citation and

12  quotation marks omitted); *see also Abissi*, 2024 WL 1485887, at *3 (courts are "hesitant to employ

13  pendent venue" in cases where "Congress has enacted a special venue provision for the claim at issue.").

14  "Put differently, courts will not apply the pendent venue doctrine to defeat Congress's intention that

15  certain types of claims be heard in specific places." *Pruitt v. J.P. Morgan Chase*, No. 15-cv-04778, 2016

16  WL 11794182, at *6 n.5 (C.D. Cal. June 30, 2016).

17        That is precisely the situation with the FOIA statute, which is governed by a special forum

18  provision.  Accordingly, courts routinely find that the pendent venue doctrine cannot be applied to out-of-

19  district plaintiffs. That outcome holds true even when the improperly venued FOIA claims are "nearly

20  identical" to the properly venued FOIA claims. *Holmes-Hamilton*, 2021 WL 5166376, at *4.  For

21  example, *Holmes-Hamilton* was a FOIA lawsuit in which the claims of two of the three plaintiffs were

22  properly brought in the District of Maryland; the third plaintiff was not a Maryland resident, and the

23  plaintiffs did not allege that the agency maintained the records at issue in the District of Maryland.  *Id.*

24  The court refused pendent venue over the third plaintiff's claims, stating "the Court is unaware of any

25  authority showing that other courts have exercised pendent venue in a FOIA records action in a similar

26  circumstance.  In fact, at least one court has previously cautioned against doing so because of concerns

27  over forum shopping." *Id.* at 4 (citing *Boggs v. United States*, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997)).

28  The *Holmes-Hamilton* court buttressed its decision not to exercise pendent venue by noting that there was

1    a statutorily authorized "venue where all three Plaintiffs' claims can remain together:  The District of

2    Columbia." *Id.* at 5.  The *Abissi* court came to the exact same conclusion; it "decline[d] to invoke pendent

3    venue" where five of the seven FOIA plaintiffs were improperly venued in the District of Maryland.

4    *Abissi*, 2024 WL 1485887, at *3.

5         Congress codified the FOIA-specific venue provision with the intention that FOIA claims be heard

6    in specific places, *cf. Pruitt*, 2016 WL 11794182, at *6 n.5; *Echols*, 2013 WL 1501523, at *6, and that

7    provision unambiguously demonstrates that García and Ainab cannot bring their FOIA claims in the

8    Northern District of California.  Exercising pendent venue over García's and Ainab's FOIA claims in this

9    case thus would defeat congressional intent.  And defeating that congressional intent would be especially

10   fraught in the FOIA context of this case because Congress provided a universal, "all-purpose" forum

11   where *all* the Plaintiffs' FOIA claims can be adjudicated together:  the District of Columbia.  *In re Scott*,

12   709 F.2d 717, 720 (D.C. Cir. 1983); *Holmes-Hamilton*, 2021 WL 5166376, at *5; 5 U.S.C. § 552(a)(4)(B).

13   Simply stated, just like the *Holmes-Hamilton* and *Abissi* courts found, pendent venue does not permit

14   García and Ainab to bring their FOIA claims in this District.

15         **2.    Exercising Pendent Venue Is Also Improper Because This Is A Putative Class
            Action And Each Named Plaintiff Must Individually Satisfy Venue**

16

17        "[A]s a general rule, . . . in class action settings, each plaintiff must individually satisfy venue."

18   *Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-2252-MJJ, 2001 WL 1902806, at *5 (N.D. Cal. Dec. 3, 2001);

19   *Saravia*, 280 F. Supp. 3d at 1191 ("At least in most instances, the rule in a proposed class action is that

20   each named plaintiff must independently establish venue."); *Amochaev v. Citigroup Global Mkts. Inc.*,

21   No. 05-cv-1298-PJH, 2007 WL 484778, at *1 (N.D. Cal. Feb. 12, 2007) (holding with respect to Title VII

22   of the Civil Rights Act that "[w]hile Congress expanded a plaintiff's venue choices by enacting specific

23   venue provisions for Title VII actions, there is no evidence in the language of the statute or the statute's

24   legislative history that Congress intended to abrogate the requirement that each named plaintiff satisfy the

25   venue requirements").  Because each named plaintiff in a class action seeks to proceed not only in an

26   individual capacity but also in a representative capacity, "each [named] plaintiff must be competent to

27   sue." *Dukes*, 2001 WL 1902806, at *4.

28        This lawsuit is a putative class action.  And, as demonstrated above, García and Ainab cannot

1  "individually satisfy venue" because they do not reside in the Northern District of California and do not

2  allege that the records responsive to their FOIA requests are situated in the Northern District of California.

3  FAC ¶¶ 20-21; *Saravia*, 280 F. Supp. 3d at 1191.  As a result, Plaintiffs cannot invoke pendent venue over

4  García's and Ainab's FOIA claims without also eviscerating the separate class action requirement that

5  "each named plaintiff must independently establish venue." *Saravia*, 280 F. Supp. 3d at 1191; *Amochaev*,

6  2007 WL 484778, at *1.

7      This is a fundamental problem with Plaintiffs' putative class action in the Northern District of

8  California.  But there is an easy solution to this predicament:  Plaintiffs could have—and should have—

9  brought their putative class action in the universal, all-purpose venue for FOIA actions:  the District of

10  Columbia.

11      **3.      The New APA Claims In The FAC Cannot Provide Pendent Venue For**
          **García's And Ainab's FOIA Claims**

12

13      The two new APA causes of action in the FAC do not make the Northern District of California a

14  proper venue for García's and Ainab's FOIA claims for two separate reasons.

15      First, the APA claims are precluded by the FOIA because the FOIA already provides adequate

16  relief.  It is black letter law that judicial review under the APA is limited to "agency actions 'for which

17  there is no other adequate remedy in a court.'"  *CREW*, 846 F.3d at 1241 (quoting 5 U.S.C. § 704).  Here,

18  the FOIA already provides an adequate remedy for Plaintiffs' APA claims, and the APA claims thus

19  should be dismissed for lack of subject matter jurisdiction.  *See supra* Part IV.A.  And because the Court

20  does not have subject matter jurisdiction over the APA claims, the APA claims, in turn, cannot transmute

21  this District into a proper forum for García's and Ainab's FOIA claims.

22      Second, even if the APA claims were not precluded by the FOIA, they still cannot render the

23  Northern District of California a proper forum for García's and Ainab's FOIA claims because the FOIA

24  includes a special forum provision, Section 552(a)(4)(B), which necessarily governs venue for García's

25  and Ainab's FOIA claims.   And the general venue statute applicable to APA claims, 28 U.S.C.

26  § 1391(e)(1), cannot provide a basis for pendent venue over García's and Ainab's FOIA claims:

27      Under the doctrine of pendent venue, claims governed by a general venue statute may be
          brought in the same district as a claim governed by a special venue statute if the claims
28      arise out of the same nucleus of facts.  *However, the converse is not true.*  Where claims
          are governed by a special venue statute, which limits venue to specified districts, such

1    claims may be brought only in a district specified by the statute. This is so because
2    congressional intent to limit the available districts is clear and cannot be circumvented.

3    *Echols*, 2013 WL 1501523, at *6 (citations and quotation marks omitted; emphasis added); *see also*
4    *Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003) (same); *Evans v. Bearback,*
5    *LLC*, No. 20-cv-172, 2020 WL 8366982, at *2 (N.D. Fla. Nov. 6, 2020) (same).

6         Accordingly, regardless of whether the APA claims remain in this lawsuit, those claims cannot
7    make this District a proper forum for García's and Ainab's FOIA claims. The venue for those claims
8    instead must be governed by the special forum provision in the FOIA, Section 552(a)(4)(B), which
9    demonstrates that venue does not lie in this District for García's and Ainab's FOIA claims.

10   **D.    Because This Case Cannot Proceed In The Northern District Of California, The
         Case Should Be Transferred To The District Of Columbia Pursuant To 28 U.S.C.
11       § 1631, 28 U.S.C. § 1406(a), And 28 U.S.C. § 1404(a)**

12        Where a court lacks jurisdiction over a civil action, the court may dismiss the case or, in the interest
13   of justice, transfer such action to any other court in which the action could have been brought at the time
14   it was filed. 28 U.S.C. § 1631; *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2009)
15   (Section 1631 "allows transfer to cure want of jurisdiction"); *see also McGuire v. United States*, 550 F.3d
16   903, 914-15 (9th Cir. 2008). Similarly, if venue is improper, a court may either dismiss the case without
17   prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it
18   could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804
19   (9th Cir. 1991) (any dismissal for improper venue must be without prejudice). Ordinarily, the interest of
20   justice requires transfer rather than dismissal. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir.
21   2001). Finally, for the convenience of parties and witnesses and in the interest of justice, a court may
22   transfer a civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a).
23   "Section 1404(a) was designed to protect litigants, witnesses and the public against unnecessary
24   inconvenience and expense[,] ensure systemic integrity and fairness in the judicial process, and the
25   efficient administration of the court system." *Our Children's Earth Found.*, 2008 WL 3181583, at *4
26   (cleaned up).

27

28

REVISED MOTION TO TRANSFER OR DISMISS THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES

1          **1.**       **García's And Ainab's FOIA Claims Should Be Transferred To The District**
                                **Of Columbia Under 28 U.S.C. § 1631 Or 28 U.S.C. § 1406(a)**

2

3          As a result of the FOIA's special forum provision, 5 U.S.C. § 552(a)(4)(B), there is no basis for

4    García and Ainab to pursue their FOIA claims in the Northern District of California. *Supra* Parts IV.B &

5    IV.C.  Unlike the Northern District of California, however, the District of Columbia is an "all-purpose

6    forum in FOIA cases," and García and Ainab unquestionably could have brought their FOIA claims there.

7    *In re Scott*, 709 F.2d at 720; 5 U.S.C. § 552(a)(4)(B) (FOIA lawsuits are proper "in the District of

8    Columbia").  Because the interest of justice typically requires transfer rather than dismissal, *Baeta*, 273

9    F.3d at 1264-65, García's and Ainab's FOIA claims should be transferred to the District of Columbia

10   pursuant to 28 U.S.C. § 1631 because this Court does not have subject matter jurisdiction.  *See supra*

11   Part IV.B.  And even if the Court finds it has subject matter jurisdiction over García's and Ainab's FOIA

12   claims, venue for those claims still does not lie in this District, and those claims should be transferred to

13   the District of Columbia under 28 U.S.C. § 1406(a).[4]  *See supra* Part IV.C.

14         **2.**       **The FOIA Claims Of The Other Plaintiffs Should Be Transferred To The**
                                **District Of Columbia Under 28 U.S.C. § 1404(a)**

15

16         Pursuant to 28 U.S.C. § 1404(a), Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia

17   Mixcoa's FOIA claims also should be transferred to the District of Columbia.  In analyzing a transfer

18   motion under Section 1404(a), a court must determine, as a threshold matter, if the action subject to the

19   motion to transfer "might have been brought" in the transferee district (*i.e.*, the district to which the moving

20   party seeks to transfer the action).  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  Next, a court must

21   analyze whether the transfer would serve "the interest of justice" and "the convenience of parties and

22   witnesses."  *Our Children's Earth Found.*, 2008 WL 3181583, at *4.  In making this determination, the

23   court may consider:  (1) the plaintiff's choice of forum; (2) the parties' convenience; (3) the witnesses'

24   convenience; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law;

25   (6) the feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the

26

27         [4] If García's and Ainab's FOIA claims are not transferred to the District of Columbia and the case

28   proceeds in the Northern District of California, García's and Ainab's FOIA claims should be dismissed
for either lack of jurisdiction or improper venue.

1    relative court congestion and time to trial in each forum.  *Id.*; *see also Jones v. GNC Franchising*, 211

2    F.3d 495, 498-99 (9th Cir. 2000).  Finally, "[w]hen venue is proper with respect to some, but not all,

3    parties, district courts have discretion to transfer the entire case to a proper venue."  *Abissi*, 2024 WL

4    1485887, at *4 (citing 14D Wright & Miller § 3807 and analyzing transfer in the FOIA context).

5           Here, it is indisputable that Sanchez Mora, Waldron, Flores Rodriguez, and Garcia Mixcoa could

6    have brought their FOIA claims in the District of Columbia because that is the "all-purpose forum in FOIA

7    cases."[5]  *In re Scott*, 709 F.2d at 720.  In addition, almost all the factors the Court considers while analyzing

8    a Section 1404(a) transfer motion weigh in favor of transferring Sanchez Mora's, Waldron's, Flores

9    Rodriguez's, and Garcia Mixcoa's FOIA claims to the District of Columbia.

10          Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's choice of venue should be

11   afforded minimal weight because this putative class action is not limited to this District but rather seeks

12   to certify a nationwide class.  "[W]hen an individual brings a derivative suit or represents a class, the

13   named plaintiff's choice of forum is given less weight."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.

14   1987); *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (in a class action, "where

15   there are hundreds of potential plaintiffs, . . . the claim of any one plaintiff that a forum is appropriate

16   merely because it is his home forum is considerably weakened.").  Courts in this District routinely transfer

17   class actions brought by named plaintiffs residing in this District because a class plaintiff's choice of

18   forum is given less weight.  *See, e.g.*, *Ickes v. AMC Networks Inc.*, No. 23-cv-00803-SI, 2023 WL

19   4297577, at *5 (N.D. Cal. June 30, 2023); *Jackson v. Euphoria Wellness, LLC*, No. 20-cv-03297-CRB,

20   2020 WL 5366419, at *9 (N.D. Cal. Sept. 8, 2020); *Italian Colors Rest. v. Am. Express Co.*, No. 03-cv-

21   3719-SI, 2003 WL 22682482, at *3-4 (N.D. Cal. Nov. 10, 2003).  Here, Plaintiffs' choice of forum is

22   entitled to even less weight than the plaintiffs in those cases given that all the named plaintiffs in those

23   cases resided in this District, whereas in this case two of the six Plaintiffs *do not* reside in this District.

24          The parties' convenience, the witnesses' convenience, and the ease of access to the evidence

25   factors all weigh heavily in favor of transfer to the District of Columbia.  At base, this is a FOIA action,

26

27   _____
     [5] To the extent the Court does not dismiss the APA claims, those claims also should be transferred
28   to the District of Columbia under 28 U.S.C. § 1404(a).  Plaintiffs could have brought their APA claims in
     that district under 28 U.S.C. § 1391(e)(1) (although, for the reasons stated *supra* Part IV.A, the APA
     claims are subject to dismissal regardless of the venue in which they are litigated).

1   which will almost certainly be decided by dispositive motion practice, not trial, *see Animal Legal Def.*

2   *Fund v. U.S. FDA*, 836 F.3d 987, 989 (9th Cir. 2016); *see also* ECF No. 35 ¶ 18 (agreeing that "it is

3   unlikely that a trial will be necessary in this matter").  As a result, Sanchez Mora, Waldron, Flores

4   Rodriguez, and Garcia Mixcoa will not have to travel to the District of Columbia for trial.  ECF No. 35

5   ¶ 18. And transferring this case to the District of Columbia will pose minimal inconvenience to Plaintiffs'

6   counsel because Plaintiffs' lead counsel is based in Brookline, Massachusetts (ECF No. 42), with

7   additional counsel in Seattle and San Francisco (*id.*).  As such, litigating this case will require Plaintiffs

8   and their counsel to engage in nationwide coordination, regardless of where the lawsuit proceeds, and the

9   District of Columbia is closer for Plaintiffs' lead counsel than this District.  In contrast, transferring this

10  case to the District of Columbia would be far more convenient for Defendants because the agencies are

11  headquartered in that district; almost all of Defendants' witnesses, FOIA personnel, and agency counsel

12  are located in that district or its surrounding areas; and the evidence relating to Plaintiffs' pattern or

13  practice claim is situated in that district and/or the surrounding areas.

14          The feasibility of consolidation with other claims factor also weighs overwhelmingly in favor of

15  transfer.  Absent transfer of Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's FOIA

16  claims to the District of Columbia, this case will proceed simultaneously in two different forums because,

17  as established above, Plaintiffs' claims *cannot* be consolidated in the Northern District of California.

18  *Supra* Part IV.B-C.  Transferring some, but not all, of the Plaintiffs' claims to the District of Columbia

19  would pose significant concerns for judicial economy and would risk inconsistent judicial outcomes.  *See*

20  *Our Children's Earth Found.*, 2008 WL 3181583, at *4 ("Section 1404(a) was designed to . . . ensure

21  systemic integrity and fairness in the judicial process, and the efficient administration of the court

22  system").  Indeed, the *Abissi* and *Holmes-Hamilton* courts both transferred the entire case to the District

23  of Columbia for precisely these reasons.  *Abissi*, 2024 WL 1485887, at *4 (finding that the relevant

24  "factors favor transfer of the entire case [to the District of Columbia], rather than splitting this case in two

25  and requiring it to proceed in a piecemeal manner"); *Holmes-Hamilton*, 2021 WL 5166376, at *5 (ordering

26  that "the case, in its entirety, shall be transferred to the United States District Court for the District of

27  Columbia").

28          The remaining factors (*i.e.*, local interest in the controversy, familiarity of each forum with the

1    applicable law, and the relative court congestion and time to trial in each forum) are neutral or favor

2    transfer of this putative nationwide class action.  Because Plaintiffs seek nationwide class relief, the

3    Northern District of California does not have any special local interest in the controversy.  Instead, the

4    District of Columbia has a greater local interest in interpreting the FOIA in the context of Plaintiffs'

5    leading edge putative FOIA class action lawsuit because it is the default forum for FOIA lawsuits and

6    many federal agencies (including both Defendants in this case) are headquartered in or near that district.

7    Indeed, the D.C. Circuit is recognized as "something of a specialist" in adjudicating FOIA cases "given

8    the nature of much of its caseload." *Whitaker v. DOC*, 970 F.3d 200, 206 n.25 (2nd Cir. 2020) (quoting

9    *Brennan Ctr. for Justice at NYU v. U.S. Dep't of Justice*, 697 F.3d 184, 200 (2d Cir. 2012)).  And, while

10   Defendants do not question this Court's familiarity with FOIA law, the District of Columbia is widely

11   acknowledged as having significant and specialized expertise in working with the FOIA.  *Id.*; *see also In*

12   *re Scott*, 709 F.2d at 720; *see also Matlack, Inc. v. U.S. EPA*, 868 F. Supp. 627, 630 & n.3 (D. Del. 1994)

13   (the District of Columbia has "long been on the leading edge" of interpreting the FOIA).

14       In short, the interest of justice and the convenience of parties and witnesses weigh in favor of

15   transferring Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's FOIA claims to the

16   District of Columbia under Section 1404(a).

17       **E.    If Sanchez Mora's, Waldron's, Flores Rodriguez's, And Garcia Mixcoa's FOIA**
             **Claims Proceed In This District, The Court Should Dismiss The Class Allegations**
18

19       In the event the Court does not transfer Sanchez Mora's, Waldron's, Flores Rodriguez's, and

20   Garcia Mixcoa's FOIA claims to the District of Columbia under Section 1404(a), the Court should dismiss

21   the class allegations in the FAC.  A court's subject matter jurisdiction over a proposed class is a "threshold

22   matter" that must be addressed before reaching the merits of class certification.[6]  *Poulos v. Caesars World,*

23

24   _____
         [6] Defendants acknowledge that the Court previously set a separate briefing schedule for the
25   previously filed class certification motion.  ECF No. 39.  But that class certification motion was mooted
     by the filing of the FAC.  *See Burchfield v. Corel Corp.*, No. 13-cv-02025-LHK, 2013 WL 12120088, at
26   *1 (N.D. Cal. Sept. 12, 2013).  Nevertheless, given the Court's prior order instructing the parties to address
     the transfer/dismissal arguments separate from the class certification arguments, Defendants do not raise
27   Federal Rule of Civil Procedure 23(a)-(b) class certification arguments in this motion to transfer or
     dismiss.  For the avoidance of doubt, Defendants dispute that class certification is proper in this case, and
28   Defendants reserve the right to present their class certification arguments to this Court when/if it is
     appropriate to do so.

*Inc.*, 379 F.3d 654, 662 (9th Cir. 2004). Here, the government's limited waiver of sovereign immunity does not allow Plaintiffs to bring a putative nationwide FOIA class action in the Northern District of California. If such a nationwide class action lawsuit is possible under the FOIA, it is possible only in the District of Columbia. The class allegations in the FAC thus should be dismissed to the extent this case proceeds in this District.

As discussed *supra* Part IV.B, Section 552(a)(4)(B) of the FOIA grants a district court jurisdiction in the following circumstances only: (1) where the complainant resides or has a principal place of business, (2) where the agency records are situated, or (3) in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). That provision is the sovereign's jurisdictional grant, and it cannot be expanded by judicial order. *See Yagman*, 868 F.3d at 1083; *Hajro*, 811 F.3d at 1101; *Alvarado*, 509 F.3d at 1016; *Zamorano*, 2 F.4th at 1225; *Park Place Assocs., Ltd.*, 563 F.3d at 927. Plaintiffs' proposed nationwide class action runs afoul of this jurisdictional grant because it seeks to have this Court enjoin Defendants on behalf of putative plaintiffs who do not reside in or have their principal place of business in the Northern District of California. But this Court has no such power, and the class action procedural device cannot confer jurisdiction on this Court that it does not otherwise have. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (where class cannot satisfy statutory requirements for jurisdiction, "the District Court was without jurisdiction over so much of the complaint as concerns the class, and it should have entered an appropriate order of dismissal"); *Beamon v. Brown*, 125 F.3d 965, 969-70 (6th Cir. 1997) ("The class action, a tool for the aggregation of claims, is merely a convenient procedural device that helps reduce or eliminate a multiplicity of suits. Although the Federal Rules of Civil Procedure make class actions available to some plaintiffs in United States district courts, the rules themselves do not confer those courts with jurisdiction over claims that they could not hear if brought individually.") (cleaned up); *RadioShack Corp. v. United States*, 105 Fed. Cl. 617, 623 (2012) ("Rule 23, a procedural mechanism, does not modify the limitations of the Court's jurisdiction . . . . The Court 'cannot, through its acknowledged rule-making power, expand its jurisdiction beyond the limits prescribed by Congress.'") (quoting *Bright v. United*

1  *States*, 603 F.3d 1273, 1283 (Fed. Cir. 2010)).[7]

2      Plaintiffs' proposed nationwide FOIA class can proceed, if at all, only in the District of Columbia.

3  As such, in the event any part of this case continues in the Northern District of California, this Court does

4  not have jurisdiction under the FOIA over a nationwide class of individuals, and the class allegations

5  therefore should be dismissed.

6      **F.    The FOIA Claims Against DHS Should Be Dismissed Because Plaintiffs Do Not
           Allege That They Submitted FOIA Requests To DHS**

7

8      Finally, the Court should dismiss the FOIA claim against DHS because Plaintiffs do not allege that

9  they submitted *any* FOIA requests to DHS.  The FOIA's statutory language makes federal jurisdiction

10 dependent upon a showing that an agency has (1) "improperly," (2) "withheld," (3) "agency records."

11 *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980).  "Judicial authority to

12 devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by §

13 552, if the agency has contravened all three components of this obligation."  *Id.*  It is axiomatic that an

14 agency cannot improperly withhold records if it does not receive a FOIA request for those records.

15 *LaVictor v. Trump*, No. 19-cv-01900, 2020 WL 2527192, at *2 (D.D.C. May 18, 2020) ("So if there has

16 been no request, the agency has not 'improperly withheld' any records."); *Ghassan v. U.S. DOJ*, No. 22-

17 cv-1615, 2023 WL 1815650, at *2 (D.D.C. Feb. 8, 2023) ("An agency's disclosure obligations [under the

18 FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published

19 regulations.").  As a result, courts grant dismissal motions where a FOIA plaintiff does not establish that

20 they submitted a FOIA request to the agency.[8]  *See, e.g.*, *LaVictor*, 2020 WL 2527192, at *2 (" [i]n the

21 absence of any evidence that plaintiff submitted a proper FOIA request to which [the agency] would have

22

23      [7] In the almost 60 years since the FOIA was enacted in 1966, Defendants are aware of only one
nationwide FOIA class action that has been certified by a district court:  *Nightingale v. U.S. Citizenship*

24 *& Immigration Servs.*, 333 F.R.D. 449 (N.D. Cal. 2019).  While the *Nightingale* court certified a
nationwide FOIA class action in this District, that court was not presented with the jurisdictional and

25 venue arguments raised in this motion and thus did not issue a finding regarding whether sovereign
immunity or venue considerations foreclose a nationwide FOIA class action in the Northern District of

26 California.  *See, e.g.*, *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 441 (1990) (Marshall, J.,
dissenting) ("The courts' general refusal to consider arguments not raised by the parties . . . is founded in
part on the need to ensure that each party has fair notice of the arguments to which he must respond.").

27      [8] Courts are split on whether such a dismissal should be for lack of jurisdiction or for failure to
state a claim upon which relief can be granted, but the result is the same—a FOIA lawsuit cannot proceed

28 where the plaintiff does not submit a FOIA request to an agency in compliance with published regulations.

1    been obligated to respond," the agency "is entitled to judgment as a matter of law."); *Rae v. Hawk*, No.

2    98-1099, 2001 WL 37155163, at *2 (D.D.C. Mar. 7, 2001) ("Because plaintiff did not submit a FOIA

3    request to HHS . . . the Court finds that it lacks subject matter jurisdiction over plaintiff's claims against"

4    HHS).

5        As set forth in published regulations, DHS has a decentralized organization for the processing of

6    FOIA requests received by its components.  6 C.F.R. § 5.3(a) ("DHS has a decentralized system for

7    responding to FOIA requests, with each component designating a FOIA office to process records from

8    that component"); 6 C.F.R. § 5.1(c) ("DHS has a decentralized system for processing requests, with each

9    component handling requests for its records").  As a result, subject to exceptions that do not apply here,

10   6 C.F.R. § 5.4(a) requires that "the component that first receives a request for a record and maintains that

11   record is the component responsible for responding to the request."

12       Here, Plaintiffs do not allege that they submitted any FOIA requests to DHS.  Instead, Plaintiffs

13   claim that they submitted FOIA requests to CBP, a component of DHS, and that CBP failed to respond to

14   those requests within 30 days.  FAC ¶¶ 18-23; & 52-66.  Accepting the facts alleged in the FAC as true,

15   DHS did not receive a FOIA request from any of the Plaintiffs to which DHS allegedly failed to respond

16   in a timely manner.  As a result, DHS did not improperly withhold agency records, and under Section 552

17   this Court thus does not have the authority under the FOIA to devise remedies and enjoin DHS.  *Kissinger*,

18   445 U.S. at 150; *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995) (where an agency has not

19   "(1) 'improperly' (2) 'withheld' (3) 'agency records . . . a district court lacks jurisdiction to devise

20   remedies to force an agency to comply with the FOIA's disclosure requirements").  Under these alleged

21   facts, Plaintiffs cannot maintain a claim under the FOIA against DHS.

22       Moreover, CBP's alleged conduct, in the context of the decentralized framework governing CBP

23   and DHS's FOIA processing, does not provide a backdoor to a FOIA claim against DHS because Plaintiffs

24   again do not allege that they submitted any FOIA requests to DHS "in compliance with its published

25

26

27

28

1  regulations."[9]  *Ghassan*, 2023 WL 1815650, at *2.  And even if Plaintiffs had submitted FOIA requests

2  to DHS, that still would be irrelevant to the gravamen of the FOIA pattern or practice claim in this lawsuit,

3  which is that *CBP* has an alleged pattern or practice of failing to respond to FOIA requests submitted to

4  *CBP*.  FAC ¶¶ 52-66.

5         In short, because Plaintiffs do not allege that they sent FOIA requests to DHS in compliance with

6  DHS's published regulations, there is no basis for Plaintiffs to bring FOIA claims against DHS.

7  **V.    Conclusion**

8         For these reasons, the Court should dismiss the APA claims for lack of subject matter jurisdiction,

9  dismiss the FOIA claim against DHS, and transfer the FOIA claims to the District of Columbia.  In the

10 alternative to transfer, the class allegations should be dismissed and García's and Ainab's FOIA claims

11 should be dismissed.

12 DATED: August 16, 2024                          Respectfully submitted,

13                                                 ISMAIL J. RAMSEY
                                                   United States Attorney
14
                                                   */s/ Jevechius D. Bernardoni*
15                                                 JEVECHIUS D. BERNARDONI
                                                   Assistant United States Attorney
16
                                                   Attorneys for Defendants
17

18

19

20

21

22

23

24

25 _____

26     [9] DHS's status as CBP's parent agency does not change this analysis because courts in this district
   have found agency components to be proper defendants under the FOIA.  *See, e.g.*, *Hajro*, 832 F. Supp.
27 2d 1095 at 1104 (finding USCIS, which is also a component of DHS, to be "the proper defendant to
   Plaintiffs' FOIA claims"); *Rosenfeld v. United States DOJ*, No. 07-cv-03240-MHP, 2008 WL 3925633,
28 at 1 n.1 (N.D. Cal. Aug. 22, 2008) (rejecting the argument that a parent agency, as opposed to a
   component, was the proper defendant in a FOIA action); *see also Prison Legal News v. Lappin*, 436 F.
   Supp. 2d 17, 21-22 (D.D.C. 2006) (same).