Trina Realmuto (CA SBN 201088)
Mary Kenney (DC SBN 1044695)*
Kristin Macleod-Ball (NY SBN 5340500)**
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org
kristin@immigrationlitigation.org

Matt Adams (WA SBN 28287)*
Leila Kang (WA SBN 48048)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org
leila@nwirp.org

Marc Van Der Hout (CA SBN 80778)
Johnny Sinodis (CA SBN 290402)
Van Der Hout LLP
360 Post St., Suite 800
San Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JULIAN SANCHEZ MORA, *et al.*,

Plaintiffs,

v.

U.S. CUSTOMS AND BORDER PROTECTION, *et al.*,

Defendants.

Case No. 3:24-cv-02430-TLT

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REVISED MOTION TO TRANSFER OR DISMISS THE FIRST AMENDED COMPLAINTS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ....1

II. STATEMENT OF RELEVANT FACTS ....1

III. STANDARDS OF REVIEW ....2

IV. ARGUMENT ....2

A. This Court Has Jurisdiction ....2

1. This Court Has Jurisdiction Over Plaintiffs' FOIA Claim. ....2

a. FOIA authorizes Plaintiffs' pattern or practice claim. ....2

b. Sovereign immunity does not bar García and Ainab's FOIA claims. ....4

i. *Section 552(a)(4)(B)'s venue language is nonjurisdictional.* ....4

ii. *Even if Section 552(a)(4)(B) were jurisdictional, the APA waives sovereign immunity.* ....8

c. The class allegations are appropriate and warranted. ....9

d. As CBP's parent agency, DHS bears responsibility for its systemic failure to timely make FOIA determinations and is a proper defendant. ....11

2. Alternatively, Plaintiffs' APA Claims Are Actionable. ....13

B. This Court Is the Proper Venue for All Plaintiffs' Claims. ....16

1. Venue is Proper for All Class Claims Because At Least One Named Plaintiff Resides in this District. ....16

2. Venue is Proper for Plaintiffs García and Ainab's APA and FOIA Claims. ....18

3. Transfer of Plaintiffs' FOIA Claims is Neither Warranted nor Appropriate. ....20

a. 28 U.S.C. §§ 1406(a) and 1631 do not apply to García and Ainab's FOIA claims. ....20

b. Transfer under 28 U.S.C. § 1404(a) of the Northern California Plaintiffs' FOIA claims does not serve the interests of justice. ....20

IV. CONCLUSION ....23

## TABLE OF AUTHORITIES

Page

### CASES

*Abissi v. USCIS*, No. JKB-23-cv-03176, 2024 WL 1485887 (D. Md. Apr. 5, 2024)............................... 19

*Amochaev v. Citigroup Global Mkts. Inc.*, No. 05-cv-1298-PJH, 2007 WL 484778 (N.D. Cal. Feb. 12, 2007) ........................................................................................................................ 18

*Andrus v. U.S. Dep't of Energy*, 200 F. Supp. 3d 1093 (D. Idaho 2016) ............................................ 14

*Animal League Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858 (9th Cir. 2019)................................... 15

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)......................................................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................. 2

*Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997) .................................................................................. 10

*Bibiano v. Lynch*, 834 F.3d 966 (9th Cir. 2016) ...................................................................................... 6

*Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199 (2022)............................................... 4, 5, 7

*Brown v. CBP*, 132 F. Supp. 3d 1170 (N.D. Cal. 2015) ........................................................... 3, 11, 12

*Californians for Renewable Energy v. EPA*, No. C 15-3293 SBA, 2018 WL 1586211 (N.D. Cal. Mar. 30, 2018) ........................................................................................................................ 17, 19

*Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 846 F. 3d 1235 (D.C. Cir. 2017) ........................................................................................................................ 15

*Clean Water Action Council of Northeastern Wisconsin, Inc. v. EPA*, 765 F.3d 749 (7th Cir. 2014) ....... 6

*Dukes v. Wal-Mart Stores, Inc.*, No. C01–2252 MJJ, 2001 WL 1902806 (N.D. Cal. Dec. 3, 2001) ........................................................................................................................ 16, 17, 18, 19

*Exxon v. Federal Trade Commission*, 588 F.2d 895 (3d Cir. 1978)................................................. 17, 18

*Feinman v. FBI,* 713 F. Supp. 2d 70 (D.D.C. 2010)............................................................................. 15

*Finley v. National Endowment for the Arts*, 795 F. Supp. 1457 (C.D. Cal. 1992) .................................. 17

*Fort Bend Cnty. v. Davis*, 587 U.S. 541 (2019)................................................................................. 4, 5

*Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184 (N.D. Cal. 1998)................................................... 3

*Gonzales & Gonzales Bonds v. U.S. Dep't of Homeland Sec.*, No. 11-cv-02267-DMR, 2012 WL 424852 (N.D. Cal. Feb. 9, 2012) ................................................................................................ 8

*Guerrero-Lasprilla v. Barr*, 589 U.S. 221 (2020) .......... 14

*Hajro v. U.S. Citizenship & Immigr. Servs.*, 832 F. Supp. 2d 1095 (N.D. Cal. 2011) .......... 13

*Hajro v. USCIS*, 811 F.3d 1086 (9th Cir. 2016) .......... 3, 7, 16

*Harrow v. Dep't of Defense*, 601 U.S. 480 (2024) .......... 4, 5

*Holland v. Florida*, 560 U.S. 631 (2010).......... 4

*Holmes-Hamilton v. FBI*, No. GJH-21-cv-00702, 2021 WL 5166376 (D. Md. Nov. 5, 2021).......... 19

*J.L. v. Cissna*, No.18-cv-04914-NC, 2019 WL 415579 (N.D. Cal. Feb. 1, 2019) .......... 10

*Laroche v. SEC*, No. C 05–4760 CW, 2006 WL 2868972 (N.D. Cal. Oct. 6, 2006) .......... 15

*Lewis v. Casey*, 518 U.S. 343 (1996).......... 16

*Long v. U.S. IRS*, 693 F.2d 907 (9th Cir. 1982).......... 4

*Lorillard v. Pons*, 434 U.S. 575 (1978) .......... 6

*Madkudu Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-02653-SVK, 2020 WL 5628968 (N.D. Cal. Sept. 14, 2020) .......... 16

*Mansor v. U.S. Citizenship & Immigr. Servs.*, 345 F.R.D. 193 (W.D. Wash. 2023).......... 10

*Matsuo v. United States*, 416 F. Supp. 2d 982 (D. Haw. 2006).......... 19

*Mayock v. INS*, 714 F. Supp. 1558 (N.D. Cal. 1989).......... 15

*Mayock v. Nelson*, 938 F.2d 1006 (9th Cir. 1991).......... 16

*McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991) .......... 14

*Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir. 2004).......... 2

*Nat'l Air Traffic Controllers Ass'n v. Burnley*, 700 F. Supp. 1043 (N.D. Cal. 1988) .......... 19

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939).......... 6

*Nightingale v. U.S. Citizenship & Immig. Servs.*, 507 F. Supp. 3d 1193 (N.D. Cal. 2020).......... passim

*Nightingale v. U.S. Citizenship & Immigr. Servs.*, 333 F.R.D. 449 (N.D. Cal. 2019).......... 10

*O'Neill v. U.S. Dep't of Justice*, No. 05-C-0306, 2007 WL 983143 (E.D. Wisc. Mar. 26, 2007) .......... 8

*Our Child. Earth Found. v. Nat'l Marine Fisheries Serv.*, Nos. 14-1130 SC, 14-4365 SC, 15-2558 SC, 2015 WL 6331268 ( (N.D. Cal. Oct. 21, 2015) ........ 3

*Our Children's Earth Found. v. EPA*, No. 08-cv-01461-SBA, 2008 WL 3181583 (N.D. Cal. Aug. 4, 2008) ........ 8

*Pa. Dep't of Pub. Welfare v. United States*, No. 99-175, 2001 U.S. Dist. LEXIS 3492 (W.D. Pa. Feb. 7, 2001) ........ 14

*Payne Enters. v. United States*, 837 F.2d 486 (D.C. Cir. 1988) ........ 4

*Peck v. United States Dep't of Lab., Admin. Rev. Bd.*, 996 F.3d 224 (4th Cir. 2019) ........ 6

*Perez-Martin v. Ashcroft*, 394 F.3d 752 (9th Cir. 2005) ........ 15

*Prison Legal News v. Lappin*, 436 F. Supp. 2d 17 (D.D.C. 2006) ........ 13

*Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1 (D.D.C. 2000) ........ 14

*RadioShack Corp. v. United States,* 105 Fed. Cl. 617 (2012) ........ 10

*Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974) ........ 3, 10

*Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43 (1993) ........ 14

*Rosenfeld v. United States DOJ*, No. 07-cv-03240-MHP, 2008 WL 3925633 (N.D. Cal. Aug. 22, 2008) ........ 13

*Rosiere v. United States,* No. 16-00260 HG-RLP, 2016 WL 3408848 (D. Haw. June 20, 2016) *adopted by* No. 16-00260 HG-RLP, 2016 WL 3440566 (D. Haw. June 20, 2016) ........ 7

*Rutland Ry. Corp. v. Brotherhood of Locomotive Eng'rs*, 307 F.2d 21 (2d Cir. 1962) ........ 6

*Santillan v. Ashcroft*, No. C04-2686 MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) ........ 10

*Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) ........ 4, 5, 6

*Saravia v. Sessions*, 280 F. Supp. 3d 1168 (2017) ........ 18

*Sebelius v. Auburn Regional Medical Ctr.*, 568 U.S. 145 (2013) ........ 5

*Serv. Women's Action Network v. Mattis*, 320 F. Supp. 3d 1082 (N.D. Cal. 2018) ........ 19

*Sierra Club v. EPA*, 75 F. Supp. 3d 1125 (N.D. Cal. 2014) ........ 3

*Skagit Cnty. Pub. Hosp. Dist. No. 2 v. Shalala*, 80 F.3d 379 (9th Cir. 1996) ........ 15

*Stafford v. Briggs*, 444 U.S. 527 (1980) ........ 17

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .......... 2

*United States v. Kwai Fun Wong*, 575 U.S. 402 (2015) .......... 5

*United States v. Park Place Assocs., Ltd.*, 563 F.3d 907 (9th Cir. 2009) .......... 7

*Weinberger v. Salfi*, 422 U.S. 749 (1975) .......... 5, 10

*Wilkins v. United States*, 598 U.S. 152 (2023) .......... 5, 6

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) .......... 2

*Yagman v. Pompeo*, 868 F.3d 1075 (9th Cir. 2017) .......... 6

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) .......... 4

**STATUTES**

5 U.S.C. § 552(a) .......... 3

5 U.S.C. § 552(a)(3) .......... 6

5 U.S.C. § 552(a)(3)(A) .......... 1

5 U.S.C. § 552(a)(4)(B) .......... passim

5 U.S.C. § 552(a)(6)(A) .......... 1

5 U.S.C. § 552(a)(6)(A)(i) .......... 1

5 U.S.C. § 552(a)(6)(B) .......... 1

5 U.S.C. § 552(a)(6)(B)(i) .......... 1

5 U.S.C. § 552a(g)(5) .......... 17, 18

5 U.S.C. § 702 .......... 13

5 U.S.C. § 706(1) .......... 2

5 U.S.C. § 706(2)(A) .......... 2

5 U.S.C. § 706(2)(C) .......... 2

5 U.S.C. § 706(2)(D) .......... 2

28 U.S.C. § 1292(b) .......... 23

28 U.S.C. § 1331 .......... 13

28 U.S.C. § 1391(e) .......... 13, 17, 18, 19

**OTHER AUTHORITIES**

111 Cong. Rec. 26820 (Oct. 13, 1965) .......... 18

112 Cong. Rec. 13007 (June 20, 1966) .......... 18

1974 Amendments to the FOIA, Pub. L. No. 93-502, 88 Stat. 1561 (1974) .......... 6

Pub. L. No. 89-487, 80 Stat. 250-51 (July 4, 1966) .......... 6

S. Rep. No. 93-854, at 164-65 (May 16, 1974) .......... 20

**RULES**

Fed. R. Civ. P. 12(b)(1) .......... 2

Fed. R. Civ. P. 12(b)(3) .......... 2

Fed. R. Civ. P. 12(b)(6) .......... 2

## I.    INTRODUCTION

Plaintiffs' amended complaint challenges (1) U.S. Customs and Border Protection's (CBP)
nationwide pattern or practice of failing to make determinations on individual FOIA requests within the
statutory timeframe and failing to make records "promptly available," as required by 5 U.S.C.
§ 552(a)(3)(A), (a)(6)(A)-(B), and (2) the U.S. Department of Homeland Security's (DHS) and CBP's
policy that 5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i) do not impose an affirmative obligation requiring CBP
to make a determination within that specified statutory timeframe. ECF No. 42. The Court should deny
Defendants' Revised Motion to Transfer or Dismiss (ECF No. 46) because this Court is the proper
venue for the claims raised by all Plaintiffs—Julian Sanchez Mora, Siobhan Waldron, Rafael Edgardo
Flores Rodriguez, and Beatriz Ariadna García Mixcoa (collectively, Northern California Plaintiffs), as
well as Plaintiffs Carlos Moctezuma García and Ali Ainab. If the Court believes venue is improper as to
García and Ainab, it should dismiss them as plaintiffs but retain jurisdiction over the claims raised by
the Northern California Plaintiffs and the allegations raised on behalf of the putative class.

The Court also should deny Defendants' revised motion to dismiss the claims of Plaintiffs García
and Ainab and the class claims under the Freedom of Information Act (FOIA), ECF No. 42, Count III.
Finally, Plaintiffs' alternative claims under the Administrative Procedure Act (APA), *id.*, Counts I and
II, are actionable.

## II.    STATEMENT OF RELEVANT FACTS

The FOIA requires an agency respond to a records request within 20 or, at most, 30 business
days. 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B)(i). Despite this mandate, CBP routinely fails to
respond to FOIA requests within the statutory period, and CBP's FOIA backlog is staggering. At the
close of fiscal year (FY) 2023, CBP had 21,444 FOIA requests that had been pending for more than 20
business days. First Amended Complaint (FAC), ECF No. 42, ¶¶ 5-7, 29, 33, 69.

Plaintiffs are three immigration attorneys and three individuals who filed FOIA requests with
CBP. FAC ¶¶ 1, 18-23. The immigration attorneys routinely file FOIA requests on behalf of their clients
to adequately advise and represent them. FAC ¶¶ 53, 56, 59. The individual Plaintiffs have filed FOIA
requests with CBP for their records. Plaintiff Ainab requires a response to establish the U.S. citizenship
of his children. FAC ¶ 62. Plaintiff Flores Rodriguez requires a response to establish eligibility to apply

for lawful permanent resident status. FAC ¶ 64. Plaintiff Garcia Mixcoa requires a response to accurately complete her application for asylum. FAC ¶ 66. As of August 2024, Plaintiffs' requests had been pending for periods ranging from 8 to 22 months—all in excess of the FOIA's statutory timeframe. *See* FAC ¶¶ 54, 61.

Plaintiffs allege that CBP's nationwide pattern or practice of delaying determinations on individual FOIA requests and CBP and DHS' policy that they are not affirmatively obligated to prevent such delays violate the FOIA's statutory timeframe and mandate to make records promptly available (Count III); constitute an unlawful withholding of agency action under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1) (Count I); and are arbitrary and capricious, not in accordance with law, short of a statutory right, and/or fails to observe procedure required by law under the APA, *id*. § 706 (2)(A), (C), (D) (Count II). FAC ¶¶ 77-110.

## III. STANDARDS OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), where, as here, defendant makes a facial attack on jurisdiction, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiffs' favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted). In considering a motion pursuant to Fed. R. Civ. P. 12(b)(3), the Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National, Inc*., 362 F.3d 1133, 1138 (9th Cir. 2004).

Under Fed. R. Civ. P. 12(b)(6), the Court reviews, not for whether "plaintiff's explanation must be true or even probable" but rather whether "'[t]he factual allegations of the complaint . . . "plausibly suggest an entitlement to relief.'" *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009)).

## IV. ARGUMENT

### A. This Court Has Jurisdiction.

#### 1. This Court Has Jurisdiction Over Plaintiffs' FOIA Claim.

##### a. The FOIA authorizes Plaintiffs' pattern or practice claim.

Defendants do not dispute that this Court has jurisdiction over Plaintiffs' pattern or practice FOIA claim (Count III). FAC ¶¶ 101-110; ECF No. 46 at 9-17 (disputing only García and Ainab's

ability to raise the FOIA claim, not its substance). To establish this claim, a plaintiff must show a history of that agency's failure to meet FOIA deadlines. *See Nightingale v. U.S. Citizenship & Immig. Servs.*, 507 F. Supp. 3d 1193, 1201 (N.D. Cal. 2020) (stating "a FOIA pattern or practice claim can be established through evidence of chronic delay and backlogs"); *Brown v. CBP*, 132 F. Supp. 3d 1170, 1172 (N.D. Cal. 2015) (holding that a complaint "describ[ing] a longstanding and pervasive practice of unreasonable delay in CBP's response to FOIA requests . . . amply" survives a Rule 12(b)(6) challenge"); *Our Child. Earth Found. v. Nat'l Marine Fisheries Serv.*, Nos. 14-1130 SC, 14-4365 SC, 15-2558 SC, 2015 WL 6331268, *8 ( (N.D. Cal. Oct. 21, 2015) (requiring "an unmistakable history that [the agency/ies] fail[] to meet [their] statutory deadlines under FOIA and cause[] Plaintiffs [and class members] to suffer unpredictable, unreasonable delays"); *see also Hajro v. USCIS*, 811 F.3d 1086, 1103 (9th Cir. 2016) (recognizing the viability of a FOIA pattern-or-practice claim). Plaintiffs' amended complaint alleges a systemic withholding of records, i.e., CBP's failure to respond "within the statutory time limits" is an "improper[] withholding" within the meaning of 5 U.S.C. § 552(a)(4)(B). *See Brown*, 132 F. Supp. at 1174 (finding that "excessive delay by the agency in its response is often tantamount to denial [of access to records]"); *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1186 (N.D. Cal. 1998) ("Gilmore has an independent cause of action against the DOE for violating the FOIA by failing to respond to his request and others within the statutory time limits."); *see also, e.g.*, *Sierra Club v. EPA*, 75 F. Supp. 3d 1125, 1138 (N.D. Cal. 2014) ("Under FOIA, a party is deemed to have suffered an injury when the government agency fails to respond to a FOIA request in a timely manner."). Plaintiffs have adequately alleged a history of failing to meet the FOIA's statutory timeframe. *See, e.g.*, FAC ¶¶ 26-41.

Furthermore, this Court can grant relief for Plaintiffs' FOIA claim. District courts have broad, equitable powers to enforce the FOIA. In *Renegotiation Board v. Bannercraft Clothing Co.*, defense contractors sued the agency responsible for eliminating excessive profits from defense contracts, i.e., the Renegotiation Board (RB), seeking both to enjoin it from withholding documents relevant to contract renegotiations and from conducting further renegotiation proceedings until RB produced the documents. 415 U.S. 1, 6 (1974). The Supreme Court held that, "[w]ith the express vesting of equitable jurisdiction in the district court by [5 U.S.C.] § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court." *Id*. at 20-21. The Court's

conclusion was supported by the "broad language of the FOIA," "the truism that Congress knows how to deprive a court of broad equitable power when it chooses so to do," and the district court's role as the "enforcement arm" of FOIA. *Id.* at 19-20; *see also Nightingale.*, 507 F. Supp. 3d at 1213-14 (enjoining DHS and component agencies' pattern or practice of violating FOIA's statutory deadlines to process requests for immigration case files); *Long v. U.S. IRS*, 693 F.2d 907, 909-10 (9th Cir. 1982) (reversing the denial of prospective injunction prohibiting agency from continuing to withhold and delay disclosure of non-exempt documents and instructing the court to "carefully draft[]" an injunction to "insure against lengthy delays in the future"); *Payne Enters. v. United States*, 837 F.2d 486, 495 (D.C. Cir. 1988) (ordering, on remand, declaratory relief and consideration of prospective injunction to remedy the Air Force's practice of refusing to release bid abstracts in violation of the FOIA).

**b. Sovereign immunity does not bar García and Ainab's FOIA claims.**

i. *Section 552(a)(4)(B)'s venue language is nonjurisdictional.*

Defendants' argument to dismiss Plaintiffs García and Ainab's FOIA claims is predicated on its erroneous contention that § 552(a)(4)(B) is exclusively a jurisdictional provision; it is not. Rather, § 552(a)(4)(B) includes both jurisdictional language (in bold below), and venue language (in italics below):

> **On complaint, the district court of the United States** *in the district [(1)] in which the complainant resides, or has his principal place of business, or [(2)] in which the agency records are situated, or [(3)] in the District of Columbia*, **has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.**

As opposed to jurisdictional provision, the venue provision is subject to waiver, forfeiture, and other equitable exceptions. *Harrow v. Dep't of Def.*, 601 U.S. 480, 483-84 (2024); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023); *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022); *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019); *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982).

Where, as here, a statute contains two sets of prerequisites for suit, courts must examine each prerequisite individually to determine if it is jurisdictional. *Boechler, P.C.*, 596 U.S. at 206-

07 (holding that "the fact that the jurisdictional grant and filing deadline appear in the same provision, even the same sentence" does not render the filing deadline jurisdictional); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (finding the final decision requirement in 42 U.S.C. § 405(g) jurisdictional, but not the statute of limitations found within the same sentence, nor the venue requirement in the following sentence); *see also Santos-Zacaria*, 598 U.S. at 423 ("[E]ven if some provisions in a statutory section qualify as jurisdictional, that does not suffice to establish that all others are."); *Sebelius v. Auburn Regional Medical Ctr.*, 568 U.S. 145, 155 (2013) (holding that a requirement "does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions"). Recent Supreme Court and Ninth Circuit case law, as well as the background presumption that Congress understood venue statutes to be nonjurisdictional, compel the conclusion that § 552(a)(4)(B)'s venue language is nonjurisdictional.

Since at least 2006, Supreme Court precedent has established that, before labelling a statutory rule "jurisdictional," courts must assess whether Congress "clearly state[d]" it to be so. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). Subsequent cases applying the "clear statement" test repeatedly have found statutes not to exhibit the required clear statement. *See, e.g.*, *Harrow*, 601 U.S. at 484 (filing deadline); *Santos-Zacaria*, 598 U.S. at 416 (exhaustion statute); *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (federal court review); *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (statute of limitations); *Boechler, P.C.*, 596 U.S. at 203 (filing deadline); *Fort Bend Cnty*., 587 U.S. 550 (exhaustion statute).

Section 552(a)(4)(B)'s venue language similarly contains no clear statement that Congress intended forum selection to be jurisdictional. First, § 552(a)(4)(B)'s plain language cabins the district courts' subject matter authority to "enjoin" improper withholding and "order" the production of records. Second, the venue language lacks any unusually emphatic phrasing. *United States v. Kwai Fun Wong*, 575 U.S. 402, 411 (2015) ("[T]he language might be viewed as emphatic—'forever' barred—but (again) we have often held that not to matter."); *Harrow*, 601 U.S. at 485 (same, citing *Kwai Fun Wong*). Third, § 552(a)(4)(B)'s venue language "'speak[s] to [the] procedural obligations'" of individuals filing suit

under the FOIA, not a court's adjudicatory authority. *Santos Zacaria*, 598 U.S. at 420 (quoting *Fort Bend Cty*, 587 U.S. at 551). Fourth, at the time § 552(a)(4)(B) was enacted,[1] Congress was operating on the background presumption that courts construe venue provisions as nonjurisdictional. *See, e.g.*, *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-68 (1939) (explaining that, unlike federal court jurisdiction, "the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition"); *Rutland Ry. Corp. v. Brotherhood of Locomotive Eng'rs*, 307 F.2d 21, 29 (2d Cir. 1962) (explaining that "[v]enue in the federal courts is not a jurisdictional concept," but rather "a concept of convenience"). *Cf. Lorillard v. Pons*, 434 U.S. 575, 581-82 (1978) (holding that Congress is presumed to know of a judicial interpretation of a statute when enacting new laws incorporating or amending such a statute and thus intends to maintain remedies and procedures that have been applied to the earlier statute). Indeed, the Ninth Circuit and other courts routinely find venue provisions nonjurisdictional. *See, e.g.*, *Bibiano v. Lynch*, 834 F.3d 966, 970-73 (9th Cir. 2016) (finding nonjurisdictional 8 U.S.C. § 1252(b)(2), governing venue of immigration petitions for review); *Peck v. United States Dep't of Lab., Admin. Rev. Bd.*, 996 F.3d 224, 228 (4th Cir. 2019) (holding that 42 U.S.C. § 5851(c) "speaks not to jurisdiction but to venue"); *Clean Water Action Council of Northeastern Wisconsin, Inc. v. EPA*, 765 F.3d 749, 751 (7th Cir. 2014) (concluding "that the venue and filing provisions of [42 U.S.C.] § 7607(b) are not jurisdictional"). Thus, as with venue limitations generally, application of the clear-statement test is "straightforward" in this case. *Wilkins*, 598 U.S. at 158.

Contrary to Defendants' suggestion, the Ninth Circuit has not held that § 552(a)(4)(B) is exclusively jurisdictional. ECF No. 46 at 10-12, 22. In *Yagman v. Pompeo*, the Ninth Circuit reviewed whether the requirement in 5 U.S.C. § 552(a)(3) that FOIA requesters "reasonably describe" the records sought was jurisdictional. 868 F.3d 1075, 1082 (9th Cir. 2017). The Court heeded the Supreme Court's instruction to avoid labeling rules jurisdictional absent a clear jurisdictional statement. In applying the test and finding § 553(a)(3) was not jurisdictional, the

[1] The FOIA was enacted in 1966. *See* Pub. L. No. 89-487, 80 Stat. 250-51 (July 4, 1966). In 1974, Congress amended § 552(a)(4)(B) to add the District of Columbia as an additional venue for suits under the FOIA. *See* 1974 Amendments to the FOIA, Pub. L. No. 93-502, 88 Stat. 1561.

court reasoned that it was not located in § 552(a)(4)(B), which it referred to as the "jurisdiction-granting provision" of the FOIA. *Id*. at 1083. While § 552(a)(4)(B) confers jurisdiction to grant relief, that does not render the entire statute jurisdictional. *Boechler, P.C.*, 596 U.S. at 206-07.

Likewise, the Ninth Circuit's earlier decision in *Hajro* does not hold that 5 U.S.C. § 552(a)(4)(B) is exclusively jurisdictional but rather supports Plaintiffs' position. In that case, the Court considered the district court's jurisdiction to review two contract claims arising out of a settlement agreement. *Hajro*, 811 F.3d at 1092. The Court explained:

> FOIA's waiver of immunity and jurisdictional grant provides that district courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B).

*Id*. at 1101. Notably, the Court did not quote the venue language when referring to FOIA's waiver of sovereign immunity and jurisdictional grant. More importantly, however, the Court went on to interpret this language as jurisdictional—including relying on its use of the terms "to enjoin" and "improper" withholding—to find that the sovereign did not waive immunity to allow district courts to enforce the terms of the settlement agreement. *Id*.

Contrary to Defendants' contention, the Ninth Circuit did not "analyze" § 552(a)(4)(B) in *Rosiere v. United States*. ECF No. 46 at 12. In that case, the court dismissed the FOIA suit of a pro se applicant residing in Nevada who filed in the District of Hawaii for records located in Colorado, D.C., and New Jersey. No. 16-00260 HG-RLP, 2016 WL 3408848 (D. Haw. June 20, 2016) *adopted by* No. 16-00260 HG-RLP, 2016 WL 3440566 (D. Haw. June 20, 2016)). The Ninth Circuit's four-sentence unpublished memorandum disposition affirming dismissal called § 552(a)(4)(B) "jurisdictional" but did so without any analysis; it is therefore neither binding nor persuasive. *Rosiere v. United States,* 693 F. App'x 556 (9th Cir. 2017). Furthermore, *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907 (9th Cir. 2009) does not support Defendants' proposition that § 552(a)(4)(B)'s venue language is a "package deal" with the jurisdictional language's waiver of sovereign immunity. ECF No. 46 at 11. Indeed, the Ninth Circuit specifically found a waiver of sovereign immunity and *subject matter jurisdiction*—not venue—were coextensive. *Park Place Assocs., Ltd.*, 563 F.3d at 927. Unlike § 552(a)(4)(B), which

confers jurisdiction on "the district court of the United States," the Tucker Act, which was at issue in *Park Place*, "neither waives sovereign immunity for suit in, nor confers jurisdiction on," any district court for the type of claim plaintiffs pursued. *Id.*[2]

Indeed, Defendants acknowledge that several cases in this District already have held that § 552(a)(4)(B) is a nonjurisdictional venue provision. *See* ECF No. 46 at 12 (citing *Our Children's Earth Found. v. EPA*, No. 08-cv-01461-SBA, 2008 WL 3181583, at *5-6 (N.D. Cal. Aug. 4, 2008); *Gonzales & Gonzales Bonds v. U.S. Dep't of Homeland Sec.*, No. 11-cv-02267-DMR, 2012 WL 424852, at *3 (N.D. Cal. Feb. 9, 2012)). Other courts similarly have so held. *See, e.g.*, *O'Neill v. U.S. Dep't of Justice*, No. 05-C-0306, 2007 WL 983143 (E.D. Wisc. Mar. 26, 2007).

In sum, this Court, consistent with these other decisions, should construe § 552(a)(4)(B)'s venue language as nonjurisdictional and, therefore, not indicative of a limitation on the waiver of sovereign immunity. As such, § 552(a)(4)(B) waives sovereign immunity over Plaintiff García and Ainab's FOIA claims.

ii. *Even if Section 552(a)(4)(B) were jurisdictional, the APA waives sovereign immunity.*

Even if § 552(a)(4)(B) could be construed as jurisdictional, the doctrine of sovereign immunity would not deprive this Court of jurisdiction over Plaintiffs García and Ainab's FOIA claims because Congress expressly waived sovereign immunity for this action under Section 702, a provision of the Administrative Procedure Act (APA). 5 U.S.C. § 702. Defendants claim that § 702's waiver does not apply "because FOIA provides an adequate remedy for Plaintiffs' APA claims." ECF No. 46 at 9 n.2. But the APA's waiver of sovereign immunity "does not limit[] judicial review to suits challenging 'agency action'" as defined in the APA, but instead covers "all actions seeking relief from official misconduct except for money damages." *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989); *see also North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484-86 (9th Cir. 1985) (holding that district court had jurisdiction over a statutory claim under the Multiple-Use Sustained-

---

[2] Defendants' other citations are similarly inapposite and largely support black-letter law, *see* ECF No. 46 at 10-11 (citing cases).

Yield Act of 1960 because § 702 of the APA waived sovereign immunity); *Hamdi ex rel Hamdi v. Napolitano*, 620 F.3d 615, 623 (6th Cir. 2010) (holding that "the APA's general waiver of sovereign immunity with respect to non-monetary claims . . . allow[ed] Hamdi's distinct constitutional claims to proceed"); *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) ("Thus, if § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity. Such a waiver may be found in the Administrative Procedure Act."). As these claims seek, inter alia, prospective injunctive relief, the Ninth Circuit has held "sovereign immunity does not bar" "[p]rospective relief requiring, or having the effect of requiring, governmental officials to obey the law"—relief that "has long been available." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1085 (9th Cir. 2010). Here, even apart from the waiver of sovereign immunity in § 552(a)(4)(B), the APA's waiver of sovereign immunity extends to Plaintiffs García and Ainab's FOIA claims. This is true even if the Court were to dismiss Plaintiffs' APA claims. *Cf. Presbyterian Church (U.S.A.)*, 870 F.2d at 524 (assessing § 702 waiver of sovereign immunity for claims "claims aris[ing] out of the Constitution" rather than the APA).

**c. The class allegations are appropriate and warranted.**

This Court has jurisdiction to provide equitable relief on Plaintiffs' FOIA claim (Count III) to putative class members outside this District. Defendants' contention otherwise rests on the same erroneous sovereign immunity argument they raise as to Plaintiffs García and Ainab's FOIA claims, *see* ECF No. 46 at 21-23, which this Court should reject. *See supra* § IV.1.b. Defendants do not make, nor could they, a sovereign immunity argument as to the Northern District Plaintiffs' ability to raise the FOIA claim. Thus, at a minimum, and regardless of whether the Court dismisses Plaintiffs Ainab and García from Plaintiffs' FOIA claim, the Northern District Plaintiffs can represent a nationwide class on the FOIA claim and, accordingly, this Court could grant equitable relief to that class.[3]

Notably, this Court already has certified a nationwide class action challenging DHS and other component agencies' failure to timely process requests for individual records within the FOIA's

[3] Plaintiffs submit that issues related to class certification are premature and reserve their right to present more detailed class certification arguments in class certification briefing.

statutory timeframe, where three of the five named plaintiffs resided within this District. *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 333 F.R.D. 449, 457-63 (N.D. Cal. 2019). Additionally, courts in the Ninth Circuit, including this Court, routinely have certified nationwide classes where not all named plaintiffs reside in the district. *See, e.g.*, *J.L. v. Cissna*, No.18-cv-04914-NC, 2019 WL 415579, at *4-12 (N.D. Cal. Feb. 1, 2019); *Santillan v. Ashcroft*, No. C04-2686 MHP, 2004 WL 2297990, at *9 (N.D. Cal. Oct. 12, 2004); *Mansor v. U.S. Citizenship & Immigr. Servs.*, 345 F.R.D. 193, 203-08 (W.D. Wash. 2023); *see also infra* § IV.B.1 (citing cases).

Defendants do not identify any binding or persuasive authority to the contrary. *See* ECF No. 46 at 22-23. In *Weinberger v. Salfi*, plaintiffs challenged the denial of certain Social Security benefits to themselves and class members. 422 U.S. at 755. The Supreme Court found that the district court lacked jurisdiction over the class because the complaint did not allege that class members had filed benefits applications. *Id*. at 764. In contrast, here, the complaint alleges that proposed class members have filed or will file FOIA requests and are subject to Defendants' policy or practice of delayed processing. FAC ¶¶ 68. 71. In *Beamon v. Brown*, the Sixth Circuit affirmed the dismissal of a class action by discharged wartime veterans challenging the Department of Veterans' Affairs (VA) manner of processing benefits claims, including under the APA. 125 F.3d 965, 966-69 (6th Cir. 1997). The court reasoned that Congress, through the Veterans Judicial Review Act, limited the types of reviewable claims and provided a comprehensive administrative and judicial review scheme consisting of review by a regional VA office, the Board of Veterans' Appeals, the Court of Veterans' Appeals, and the Federal Circuit. *Id*. at 966-67. As such, the court found that this comprehensive judicial review scheme provided an adequate remedy and precluded district court review. *Id*. at 968-74. In this case, there is no separate Congressional Act governing judicial review of FOIA claims, Congress did not funnel judicial review to a specialized agency or federal court(s), and this Court's authority to grant equitable relief under the FOIA is broad. *Bannercraft*, 415 U.S. at 19-21. In *RadioShack Corp. v. United States*, the court lacked jurisdiction over proposed class members seeking tax refunds only because they had failed to comply with the mandatory statutory exhaustion requirement of first filing a claim with the Internal Revenue Service. 105 Fed. Cl. 617, 622-23 (2012). In

contrast, Plaintiffs' class definition is limited to individuals who filed, or will file, FOIA requests with CBP and who have not received a determination within the statutory timeframe and who are not subject to a mandatory statutory exhaustion process. FAC ¶ 68.

For these reasons, this Court can review the class allegations related to Plaintiffs' FOIA claim and can afford judicial review to putative class members outside this District. *See also infra* IV.B.1 (discussing nationwide class actions where at least one named plaintiff resides in the District).

**d.    As CBP's parent agency, DHS bears responsibility for its systemic failure to timely make FOIA determinations and is a proper defendant.**

Defendants' call for dismissal of DHS because the named Plaintiffs did not submit FOIA requests to DHS, ECF No. 46 at 23-25, demonstrates a fundamental misunderstanding of Plaintiffs' challenge to CBP's systemic failure to timely make FOIA determinations, DHS' role in causing this failure, and Plaintiffs' challenge to DHS and CBP's policy that they are not obligated to comply with the FOIA's deadlines, *see supra* § IV.A.1. As CBP's parent agency, DHS has an ongoing obligation to ensure CBP's compliance with the FOIA, including by allocating sufficient financial and staffing resources. FAC ¶¶ 8, 25, 30, 38, 81, 91, 108. DHS is aware of CBP's backlog. FAC ¶¶ 5, 8, 29, 31. In fact, DHS introduced the processing system CBP now employs—Secure Release—purportedly "to process records faster." FAC ¶ 6. Like CBP, DHS has a policy that the FOIA does not impose an affirmative obligation requiring CBP to make determinations within the specified statutory timeframe. FAC ¶¶ 1, 39, 40, 82, 93, 105. Moreover, as an administrator and enforcer of immigration laws and the prosecuting entity in removal proceedings, DHS has a distinct advantage over putative class members because it has access to all their immigration records but forces them to file FOIA requests and wait months to obtain these same records from CBP. FAC ¶¶ 25, 42; *see also Nightingale*, 507 F. Supp. 3d at 1199 & n.2 (discussing "information asymmetry that hinders plaintiffs in successfully applying for immigration benefits, challenging removal orders, or seeking release from detention").

Two courts in this District have recognized DHS' shared responsibility for the systemic failure of its component agencies in FOIA processing. In *Brown*, Judge Donato denied a motion to dismiss filed

by Defendants CBP and DHS. 132 F. Supp. 3d at 1170 (collectively referring to defendants as "CBP").[4] In settling that case, both agencies avowed that they "are committed to continuing their efforts to timely process FOIA requests filed with Defendant CBP." FAC ¶ 32; *see also Brown* Settlement Agreement, No. 4:15-cv-01181-JD (N.D. Cal. signed Sept. 8, 2016), available at https://shorturl.at/gkYoB.[5] As the FAC demonstrates, both agencies have abandoned that commitment. FAC ¶¶ 7, 32. In issuing a permanent injunction in *Nightingale*, Judge Orrick expressly found that "DHS ultimately shares responsibility with its component agencies for the chronic failure to comply with the FOIA statute." 507 F. Supp. 3d at 1204. Judge Orrick rejected the argument Defendants' make here, finding:

> Defendants argue that plaintiffs cannot show that DHS has been engaging in its own independent pattern or practice of FOIA violations because, by design, DHS components have their own FOIA offices and **DHS headquarters generally is not involved in the direct processing of FOIA requests received by its components**. Cross MSJ 20; *see* Ex. 7, Declaration of James V.L.M. Holzer, DHS Deputy Chief FOIA Officer ("Holzer Decl.") ¶¶ 4–5. **Nonsense. DHS is responsible for providing oversight of its components' FOIA programs**. *Id.* ¶ 7.

*Id*. at 1204 n.10 (emphasis added). This Court similarly should reject DHS' effort to shirk responsibility for its failure to provide oversight and sufficient resources to CBP's FOIA program. Plaintiffs' *actual* claims seek to remedy CBP's delayed FOIA processing, in which DHS plays a pivotal role. FAC ¶¶ 8, 30, 38. Defendants' invented notion that Plaintiffs are challenging DHS' FOIA processing and thus are required to submit requests to DHS itself is "[n]onsense." *Nightingale*, 507 F. Supp. 3d at 1204 n.10. Accordingly, because the cases Defendants cite are in support of this nonexistent claim, they are inapposite. ECF No. 46 at 23-24.

Equally unavailing is Defendants' contention that DHS' decentralized organization for FOIA processing supports dismissal of DHS. ECF No. 26 at 24-25. DHS itself has acknowledged that decentralization contributes to the FOIA processing delays of its component agencies:

> DHS also acknowledges that "[d]ecentralization of the FOIA program at the Department causes problems in program coordination and workforce management making it difficult

[4] *See, e.g.*, *Brown*, 132 F. Supp. at 1172 ("This argument flies in the face of FOIA's plain meaning and several cases finding that unexcused delay is a perfectly valid claim."); at 1173 ("This argument is tantamount to a willful misreading of *CREW*."); at 1174 ("This argument is poorly taken.", "[Defendants] position is bereft of support.", "This argument is also ill considered.").

[5] The agencies also agreed to post monthly processing reports for three years, but after that period expired, CBP's backlog increased. FAC ¶¶ 29, 32-33.

> for the DHS FOIA enterprise to share manpower coordinate surge efforts and plan for future challenges." Ex. E, DHS FOIA Backlog Reduction Plan 2020-2023 at Bates 88281; *see also* Ex. AA, DHS FOIA Presentation (Jun. 5, 2019), at Bates 103815, 103817 (listing "decentralization" as one of the "FOIA Primary Challenges").

*Nightingale*, 507 F. Supp. 3d at 1204 n.10 (alteration in original). Even in the cases Defendants cite, ECF No. 46 at 25 n.9, courts permit suing both the parent and component agency. *See Rosenfeld v. United States DOJ*, No. 07-cv-03240-MHP, 2008 WL 3925633, at *1 n.1 (N.D. Cal. Aug. 22, 2008) (permitting FOIA suit against parent and component agencies); *Hajro v. U.S. Citizenship & Immigr. Servs.*, 832 F. Supp. 2d 1095, 1104 (N.D. Cal. 2011), *rev'd in part and vacated in part on other grounds*, 811 F.3d 1086 (9th Cir. 2016) (affirming DHS Secretary as proper defendant over plaintiffs' APA claims)).[6]

In sum, DHS is a proper defendant and should remain in this case.

**2. Alternatively, Plaintiffs' APA Claims Are Actionable.**

Alternatively, Plaintiffs' APA claims are actionable. *See* FAC ¶¶ 14, 16, 77-100. Were this Court to conclude that jurisdiction does not exist under 5 U.S.C. § 552(a)(4)(B), it should exercise jurisdiction over Plaintiffs' APA claims *See* FAC ¶¶ 13-15. In this situation, this Court would have jurisdiction over Plaintiffs' APA claims pursuant to 28 U.S.C. § 1331, sovereign immunity would be waived under 5 U.S.C. § 702, and venue would exist in this District under 28 U.S.C. § 1391(e)(1). *See* FAC ¶¶ 13-15.

Defendants' sole argument for dismissing Plaintiffs' APA claims is that § 552(a)(4)(B) provides an "adequate remedy in a court" and thus the APA's waiver of sovereign immunity under 5 U.S.C. § 702 does not apply. ECF No. 46 at 6-9. Plaintiffs agree that their FOIA claim does provide an adequate remedy over all Plaintiffs' claims. *See supra* § IV.A.1. However, if this Court disagrees and finds that the FOIA does not provide an adequate remedy, Plaintiffs would be deprived of any

---

[6] Defendants also cite *Prison Legal News v. Lappin*, ECF No. 46 at 25 n.9, but contrary to their position here, the government argued that the parent agency was the only proper defendant. 436 F. Supp. 2d 17, 21-22 (D.D.C. 2006). There, because the plaintiff sought specific records from the component agency, the court dismissed the parent agency as the defendant. In contrast, Plaintiffs do not seek specific records.

opportunity to challenge CBP's systemic failure to comply with FOIA's statutory deadlines and CBP and DHS' policy that the FOIA does not impose an affirmative obligation requiring CBP to make a determination within the specified statutory timeframe. In this situation, consistent with the strong presumption in favor of review of agency action, the Court must find jurisdiction over Plaintiffs' APA claims.

Indeed, courts have found that, where the FOIA does not provide the court with the power to impose the requested declaratory and/or injunctive relief, the APA is available to do so. *See*, *e.g*., *Andrus v. U.S. Dep't of Energy*, 200 F. Supp. 3d 1093, 1108 (D. Idaho 2016) (finding jurisdiction under the APA to review claim that agency violated 10 C.F.R. § 1004.1 because FOIA did not provide an adequate remedy); *Pa. Dep't of Pub. Welfare v. United States*, No. 99-175, 2001 U.S. Dist. LEXIS 3492, at *28 (W.D. Pa. Feb. 7, 2001) (deciding that APA confers jurisdiction to order publication of index under FOIA even though FOIA itself does not); *cf. Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 8-9 (D.D.C. 2000) (reviewing claim alleging noncompliance with FOIA requirement to publish descriptions of major information systems under the APA). Similarly, were this Court to find it lacked the authority to afford Plaintiffs the requested declaratory and injunctive relief, it could do so by granting relief under Plaintiffs' APA claims.

Such a finding would be consistent with the "well-settled and strong presumption" favoring judicial review of administrative action, *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020) (internal quotation marks omitted), which the Supreme Court and the Ninth Circuit repeatedly have affirmed. *Id.* ("We have consistently applied the presumption of reviewability to immigration statutes.") (internal quotations omitted); *see also, e.g.*, *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991) ("It is presumable that Congress legislates with knowledge of our . . . well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action . . . ."); *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 64 (1993) ("[The court] . . . find[s] an intent to preclude such review only

if presented with clear and convincing evidence." (internal quotations omitted)); *Skagit Cnty. Pub. Hosp. Dist. No. 2 v. Shalala*, 80 F.3d 379, 385 (9th Cir. 1996) ("A strong presumption favors judicial review of administrative action . . . ."); *Perez-Martin v. Ashcroft*, 394 F.3d 752, 757 (9th Cir. 2005) ("[Finding no judicial review existed] would clearly flout the presumption in favor of judicial review."). Absent review of Plaintiffs' FOIA claim, the presumption would require review of Plaintiffs' APA claims.

As explained *supra*, § IV.A.1.b.i, § 552(a)(4)(B) specifies that its jurisdictional grant is "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." In *Animal League Defense Fund v. U.S. Department of Agriculture*, the Ninth Circuit expressly found that the claim at issue—an agency's decision to stop posting specific records to its online FOIA reading room—was a "withholding" under § 552(a)(4)(B), and thus that statute provided the relevant jurisdictional grant. 935 F.3d 858, 869 (9th Cir. 2019). Because plaintiffs were challenging a withholding, the court found that § 552(a)(4)(B) provided an adequate remedy and thus dismissed the APA claims. *Id.* at 877.[7]

None of the cases cited by Defendants raising the claim presented here make a similar finding. *See* ECF No. 46 at 6-9. For example, in *Mayock v. INS*, the plaintiff challenged the former Immigration and Nationality Service's (INS) failure to timely respond to FOIA requests. 714 F. Supp. 1558, 1559-60 (N.D. Cal. 1989), *rev'd on other grounds sub nom. Mayock v. Nelson*, 938 F.2d 1006 (9th Cir. 1991). Without discussing the basis for its jurisdiction, the district court granted partial summary judgment to plaintiff. *Id*. On appeal, the Ninth Circuit stated, without discussion, that "[t]he district court had jurisdiction under § 552(a)(4)(B)."

[7] Similarly, other cases cited by Defendants, ECF No. 46 at 7-8, involve challenges to alleged improper withholding and thus fall squarely within § 552(a)(4)(B). *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice (CREW)*, 846 F. 3d 1235, 1243 (D.C. Cir. 2017) (challenging agency's failure to provide plaintiffs with documents subject to the FOIA's reading-room provision); *Feinman v. FBI,* 713 F. Supp. 2d 70, 72-74 (D.D.C. 2010) (challenging agency's withholding of documents under Privacy Act and FOIA exemptions); *Laroche v. SEC*, No. C 05–4760 CW, 2006 WL 2868972, at *1 (N.D. Cal. Oct. 6, 2006) (challenging agency's refusal to produce specific information in electronic format).

*Mayock*, 938 F.2d at 1007. As the Supreme Court has made clear, however, "the existence of unaddressed jurisdictional defects has no precedential effect." *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) (citing cases).

Similarly, in *Hajro*, plaintiffs challenged, inter alia, USCIS' pattern and practice of failing to process FOIA requests within the statutory time frames. 832 F. Supp. 2d at 1103. The district court granted summary judgment in favor of the plaintiffs on this claim but made no mention of the basis of its jurisdiction. *Id.* at 1120. On appeal, the court again assumed that the district court had jurisdiction, citing, inter alia, its decision in *Mayock*. *Hajro*, 811 F.3d at 1107. In neither case did the Ninth Circuit address whether jurisdiction might stem from another statutory provision.

In sum, if this Court concludes that Plaintiffs' FOIA claim is not viable, review would be available under the APA.

**B. This Court Is the Proper Venue for All Plaintiffs' Claims.**

**1. Venue Is Proper for All Class Claims Because At Least One Named Plaintiff Resides in this District.**

The "general rule" requiring all named class representatives to satisfy venue does not apply in putative class actions against the federal government. *Dukes v. Wal-Mart Stores, Inc.*, No. C01–2252 MJJ, 2001 WL 1902806, at *5-6 (N.D. Cal. Dec. 3, 2001). Tellingly, in asserting otherwise, ECF No. 46 at 15-16, Defendants omit that in *Dukes v. Wal-Mart Stores, Inc.*, this Court specifically contrasted "venue provisions that apply to *private parties*" with those that govern "actions against the *federal government*." *Id*. at *6 (emphasis added). This Court recently has found venue to be proper in a nationwide class action against a federal agency and official, where only "one of the named [p]laintiffs . . . . reside[d] in the Northern District of California." *Madkudu Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-02653-SVK, 2020 WL 5628968, at *8 (N.D. Cal. Sept. 14, 2020); *see also, e.g.*, *F.L.B. v. Lynch*, 180 F. Supp. 3d 811, 817 (W.D. Wash. 2016) (finding venue to be proper for putative class action because "at least one plaintiff resides in Washington"); *Californians for Renewable Energy v.*

*EPA*, No. C 15-3293 SBA, 2018 WL 1586211, at *5 (N.D. Cal. Mar. 30, 2018) (same, and noting "the clear weight of federal authority holds that venue is proper in a multi-plaintiff case if *any* plaintiff resides in the District").

The issue in *Dukes* was whether "Title VII's special venue statute [can] be satisfied" where "one but not all named class representatives" could individually establish venue. 2001 WL 1902806, at *1. The plaintiffs had urged the court to depart from the general rule and follow the Third Circuit's holding in *Exxon Corp. v. Federal Trade Commission*—that "[t]here is no requirement that all plaintiffs reside in the forum district." *Dukes*, 2001 WL 1902806, at *5 (quoting *Exxon v. Federal Trade Commission*, 588 F.2d 895, 898 (3d Cir. 1978)). However, the court distinguished *Exxon* because it concerned 28 U.S.C. § 1391(e), a "highly-specialized venue provision aimed at lawsuits involving governmental entities." *Id.* at *6. Looking to "the Legislature's intent in passing [§ 1391(e)]," *id.* at *5, the court found it significant that its purpose was "to provide nationwide venue for convenience of individual plaintiffs in actions . . . against the government," *id.* at *6 (quoting *Stafford v. Briggs*, 444 U.S. 527, 535. 540 (1980)). Finding no equivalent reason to adopt "a broader view of venue and jurisdictional concerns" in cases against private employers, "the Court applie[d] the general rule to this *Title VII class action*." *Dukes*, 2001 WL 1902806 at *6, 9 (emphasis added). Defendants thus err in seeking to apply the same rule here—a nationwide class action against the federal government.

Notably, the court in *Dukes* found that the distinction between venue over suits against private parties and the federal government "resonate[s] with even greater force" for the Privacy Act's venue statute, 5 U.S.C. § 552a(g)(5), noting its similarity to § 1391(e) "in both scope and intent." *Id.* at *7. The court approvingly cited *Finley v. National Endowment for the Arts*, which held:

> The reasoning of *Exxon Corp.* is equally applicable to the Privacy Act venue provision: "requiring every plaintiff in an action against the federal government or an agent thereof to independently meet [the statutory venue] standards would result in an unnecessary multiplicity of litigation" and "[t]he language of the statute itself mandates no such narrow construction."

795 F. Supp. 1457, 1467 (C.D. Cal. 1992) (quoting *Exxon Corp.*, 588 F.2d at 898-99), *rev'd on other grounds*, 524 U.S. 569 (1988).

The *Exxon* rule should apply to class actions brought under FOIA's venue provision, as it uses

identical language as the Privacy Act's venue provision. Both statutes establish venue in "the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B); *see also* 5 U.S.C. § 552a(g)(5) (same). The text of the statute contains no express requirement that all plaintiffs must satisfy venue. *Cf. Exxon Corp.*, 588 F.2d at 898-99 ("The language of [28 U.S.C. § 1391(e)] mandates no such narrow construction. There is no requirement that all plaintiffs reside in the forum district."). Moreover, legislative history demonstrates that the venue provision was enacted to provide "any aggrieved citizen a remedy in court" for unlawful withholding of government records, not as a jurisdictional limit. 111 Cong. Rec. 26820, 26822 (Oct. 13, 1965); *see also* 112 Cong. Rec. 13007, 13017 (June 20, 1966) ("[P]erhaps most important, an individual has the right of prompt judicial review in the Federal district court in which he resides or has his principal place of business, or in which the agency records are situated.").

In sum, *Dukes* adopts the *Exxon* rule as valid and conducts a thorough analysis distinguishing the venue requirement for Title VII class actions against private parties from those filed against the federal government. The other cases on which Defendants rely, ECF No. 46 at 15-16, cite *Dukes* without reasoning and offer no support for their argument. *See Amochaev v. Citigroup Global Mkts. Inc.*, No. 05-cv-1298-PJH, 2007 WL 484778, at *1 (N.D. Cal. Feb. 12, 2007) ("[E]ach named plaintiff must demonstrate that he or she satisfies *Title VII's* venue provision." (emphasis added)); *see also Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1191 (2017) (citing only cases filed against private companies and noting "[t]he plaintiffs have provided no convincing explanation for why [the general] rule should not apply here").

The Northern California Plaintiffs reside in this District, ECF No. 42 ¶¶ 18-19, 22-23, and thus individually satisfy both 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B). Thus, the Court should find that venue over this putative class action is properly in this District.

**2. Venue Is Proper for Plaintiffs García and Ainab's APA and FOIA Claims.**

Venue is also proper for Plaintiffs García and Ainab's individual APA and FOIA claims. Following *Dukes*, this Court and others in the Ninth Circuit have applied the *Exxon* rule to not only putative class actions but also multi-plaintiff actions against the federal government involving 28 U.S.C.

§ 1391(e). *E.g.*, *Californians for Renewable Energy*, at *6 ("[T]he fact that three of the Plaintiffs reside in this District is, standing alone, sufficient establish that venue is proper—regardless of whether their claims and claims of the remaining Plaintiffs are related.); *Matsuo v. United States*, 416 F. Supp. 2d 982, 997 (D. Haw. 2006) ("[I]n a multi-plaintiff suit, only one plaintiff must reside in the district for venue to be proper as to all plaintiffs [under 28 U.S.C. § 1391(e)]"); *cf. Nat'l Air Traffic Controllers Ass'n v. Burnley*, 700 F. Supp. 1043, 1044 (N.D. Cal. 1988) (finding that "this district may not be the only district in which this action could have been brought, it is at least an appropriate district," in part because "[t]wo of the four plaintiffs reside in this district."). Indeed, Defendants do not dispute that only one named plaintiff needs to individually establish venue under § 1391(e) for purposes of the APA claims if this Court had subject matter jurisdiction over them—which it does, *see supra* § IV.B.1.

The relevant caselaw, including this Court's analysis in *Dukes*, supports the conclusion that § 552(a)(4)(B), like 28 U.S.C. § 1391(e), does not require each plaintiff to satisfy venue for FOIA claims, so long as venue is proper for one plaintiff. *See supra* § IV.B.1. Thus, this Court need not address the pendent venue doctrine, which concerns only "claims for which venue does not properly lie in th[is] district." *Abissi v. USCIS*, No. JKB-23-cv-03176, 2024 WL 1485887, at *3 (D. Md. Apr. 5, 2024). However, if this Court finds that Plaintiffs García and Ainab were required to individually establish venue under § 552(a)(4)(B), it should then exercise its discretion to apply pendent venue. "[U]nder the pendent venue doctrine, when one or more claims are closely related (*e.g.*, arise out of a common nucleus of operative facts), venue is proper as to all claims so long as venue is established for just one claim." *Serv. Women's Action Network v. Mattis*, 320 F. Supp. 3d 1082, 1089 (N.D. Cal. 2018). Plaintiffs García and Ainab's FOIA claims not only share "a common nucleus of operative facts," *id.*, but are also identical to those of other named Plaintiffs because all of them challenge the same nationwide pattern and practice or policy. Therefore, "judicial economy, convenience, and fairness all weigh in favor of adjudication in one proceeding." *Id.* By contrast, Defendants rely solely on multi-plaintiff actions that do not involve such closely related claims. ECF No. 46 at 14-15 citing *Holmes-Hamilton v. FBI*, No. GJH-21-cv-00702, 2021 WL 5166376, at *4 (D. Md. Nov. 5, 2021) (finding venue was improper for a plaintiff residing in Tennessee whose FOIA request was "similar" but filed separately from a request by the Maryland plaintiffs); *Abissi*, 2024 WL 1485887 at *1 (declining to

apply pendent venue in a multi-plaintiff action where each plaintiff filed a separate FOIA request for records regarding their individual asylum applications).

Additionally, exercising pendent venue over Plaintiffs García and Ainab's FOIA claims would not "defeat congressional intent" in providing an "all-purpose" forum for such claims. ECF No. 46 at 15. In amending FOIA's venue provision, Congress enumerated "[a] number of present federal statutes that provide for exclusive venue in the . . . District of Columbia" and acknowledged that it "would be [a] more convenient [forum] from the government's vantage point." S. Rep. No. 93-854, at 164-65 (May 16, 1974). Even so, Congress went onto clarify that, for purposes of the FOIA, "District of Columbia venue would not be exclusive but only as an alternative, *at the complainant's option*." *Id.* at 165 (emphasis added).

In sum, the Court should find that venue is proper for Plaintiffs García and Ainab's FOIA claims because the Northern California Plaintiffs satisfy venue under § 552(a)(4)(B). Alternatively, the Court should apply the pendent venue doctrine over their claims because they are identical to the claims of the Northern California Plaintiffs.

**3. Transfer of Plaintiffs' FOIA Claims Is Neither Warranted nor Appropriate.**

**a. 28 U.S.C. §§ 1406(a) and 1631 do not apply to García and Ainab's FOIA claims.**

This Court has jurisdiction over Plaintiffs García and Ainab's FOIA claims, and venue is proper in this District. *See* §§ IV.A.1, B.2. Thus, contrary to Defendants' position, ECF No. 46 at 18, there is no basis to transfer their FOIA claims to the District of Columbia under 28 U.S.C. § 1406(a) for improper venue or 28 U.S.C. § 1631 for lack of jurisdiction as these statutes are inapplicable.

**b. Transfer under 28 U.S.C. § 1404(a) of the Northern California Plaintiffs' FOIA claims does not serve the interests of justice.**

This Court also should reject Defendants' request to transfer the Northern California Plaintiffs' FOIA claims to the District of Columbia under 28 U.S.C. § 1404(a). ECF No. 46 at 18-21. That statute permits transfer "[f]or the convenience of parties . . . , in the interests of justice" to "any other district . . . where it might have been brought or to any district . . . to which all parties have consented." *Id.* In evaluating a § 1404(a) transfer motion, courts consider:

(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the

> witnesses, (4) ease of access to the evidence, (5) familiarity of each form with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative congestion and time of trial in each forum.

*Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 936 (N.D. Cal. 2009) (citing *Vu v Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)). Notably, the first factor is the plaintiff's choice of forum—not the defendant's choice of forum. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986).

These factors strongly weigh in favor of Plaintiffs' choice of forum. Case law suggesting that a plaintiff's choice of forum is given "less weight," ECF No. 46 at 19, applies only where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). That is not the case here: the Northern California Attorney Plaintiffs (Sanchez Mora and Waldron) regularly file FOIA requests from this District, and the Northern California Individual Plaintiffs (Flores Rodriguez and Garcia Mixcoa) each filed their FOIA requests within this District. FAC ¶¶ 18-19, 22-23. Therefore, this Court should give significant weight to Plaintiffs' choice of forum.[8]

The convenience of the parties, witnesses, and evidence also weigh in Plaintiffs' favor and Defendants offer no persuasive arguments or authority otherwise. While Plaintiffs agree that this case "will almost certainly be decided by dispositive motion practice, not trial," ECF No. 46 at 19-20, that position supports keeping venue in Plaintiffs' choice of forum, not transfer. Although Defendants dwell on the location of Plaintiffs' "lead counsel," ECF No. 46 at 20, this ignores that two-thirds of Plaintiffs' counsel are located in San Francisco and Seattle. Nor are Defendants entitled to suggest what works best for Plaintiffs' counsel. Moreover, courts in this District repeatedly have recognized that this

---

[8] Defendants' examples of "routine" transfers of class actions do not change the analysis. ECF No. 46 at 19. In *Italian Colors Rest. v. Am. Express Co.*, the court disregarded the plaintiff's choice of forum because it was a result of forum shopping. No. 03-cv-3719-SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003). In *Jackson v. Euphoria Wellness, LLC*, there were "no strong contacts with the chosen forum." No. 3:20-cv-03297-CRB, 2020 WL 5366419, at *9 (N.D. Cal. Sept. 8, 2020). In *Ickes v. AMC Networks Inc.*, the court transferred, finding "most important[]" that the transferred suit and another pending suit in the new forum ar[o]se out of identical facts and assert[ed] the same federal claims and similar state law claims." No. 23-cv-00803-SI, 2023 WL 4297577, at *5 (N.D. Cal. June 30, 2023).

consideration is entirely irrelevant to a transfer motion. *SPD Swiss Precision Diagnostics GmbH v. Church & Dwight Co., Inc.*, No. CV 09-029, 2009 WL 981233, at *3 (N.D. Cal. Apr. 13, 2009) ("Convenience of [plaintiff]'s counsel bears no weight in the analysis of convenience of the witnesses and parties."); *Guy v. Hartford Life Group Ins. Co.*, No. C 11-3453, 2011 WL 5525965, at *3 (N.D. Cal. Nov. 14, 2011) ("The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)."); *see also In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (finding consideration of counsel's location "irrelevant and improper"). Further, Defendants' preference for litigating in the District of Columbia is insufficient to justify transfer. *See Kysone v. Regis Corp.*, No. 14-cv-01410-WHO, 2014 WL 2959483, *2 (N.D. Cal. June 30, 2014) ("Defendants cannot meet th[eir] burden solely by showing that they prefer another forum, nor by shifting inconveniences from one party to another."); *cf. Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

Additionally, transfer is not warranted based on the District of Columbia's familiarity with FOIA litigation. ECF No. 46 at 21. Rather, this District is uniquely suited to hear this case given its extensive experience both with the prior FOIA nationwide class action, *Nightingale*, 507 F. Supp. 3d 1193, and multiple other cases raising pattern and practice claims under the FOIA on immigration issues, *see e.g., Brown*, 132 F. Supp. 3d 1170; *Hajro v. U.S. Citizenship & Immig. Servs.*, No. 08-cv-01350 NC, 2017 WL 11673583 (N.D. Cal. Mar. 2, 2017); *Mayock*, 714 F. Supp. 1558.

Defendants' claim that the District of Columbia has more expertise in adjudicating FOIA claims is contradicted by caselaw holding that all federal courts are equally suited to hear purely federal claims. *See Skyriver Tech. Sols. LLC v. OCLC Online Computer Libr. Ctr., Inc.*, No. C 10-03305 JSW, 2010 WL 4366127, at *5 (N.D. Cal. Oct. 28, 2010) (recognizing that "all federal courts are capable of applying federal law" despite a "greater number of antitrust filings" in one district); *Sierra Club v. U.S. Dept. of Agric.*, No. 08-4248 SC, 2008 WL 5273726, at *5 (N.D. Cal. Dec. 19, 2008) (finding the forums' familiarity with applicable law "neutral, as all federal courts are equally capable of applying federal law."); *Meza v. Procter & Gamble Co.*, No. EDCV 23-91 JGB (SHKx), 2023 WL 3267861, at *8 (C.D. Cal. Apr. 27, 2023) ("Obviously, federal courts across the country are equally capable of

applying federal law.") (internal quotations omitted); *Gwich'in Steering Comm. v. U.S. Dept. of Interior*, No. 3:19-cv-0208-HRH, 2019 WL 4786951, at *2 (D. Alaska Sep. 30, 2019) ("Although defendants suggest that the court in the District of Columbia may be slightly more familiar with FOIA law, this court is equally familiar with FOIA law."); *Western Watersheds Project v. Berhardt*, No. 1:18-cv-00187-REB, 2019 WL 3022188, at *5 (D. Idaho July 9, 2019) ("[A]ll federal courts are competent to decide federal issues correctly . . .."). Finally, the judicial interest in consolidation of claims, ECF No. 46 at 20, is inapplicable because García and Ainab's FOIA claims do not merit transfer. *See supra* § IV.B.2. Thus, there is no concern for parallel litigation.

In sum, because both the convenience of the parties and witnesses and the interests of justice favor venue in this District, the Court should not transfer the FOIA claims of the Northern District of California Plaintiffs to the District of Columbia under § 1404(a).

## IV. CONCLUSION

The Court should deny Defendants' revised motion to transfer because venue over all Plaintiffs' claims is proper in this Court. If the Court finds venue is not proper over Plaintiffs García and Ainab, it should dismiss them as plaintiffs and retain jurisdiction over the claims of the Northern California Plaintiffs and the putative class.[9] The Court should also deny Defendants' revised motion to dismiss because Plaintiffs' have stated cognizable claims over which this Court has jurisdiction and can grant equitable and declaratory relief. If the Court finds jurisdiction under § 552(a)(4)(B), it could dismiss Plaintiffs' alternate APA claims.

//

//

//

[9] If the Court grants Defendants' motion to transfer, in whole or in part, it should stay its decision to allow Plaintiffs to move the Court to certify the order for interlocutory review. Under 28 U.S.C. § 1292(b), interlocutory review of an otherwise unappealable order is available when the district court certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." If the court certifies the order, the court of appeals may, in its discretion, allow an interlocutory appeal. This issue would warrant interlocutory review.

Respectfully submitted,

s/*Trina Realmuto*
Trina Realmuto (CA SBN 201088)

s/*Mary Kenney*
Mary Kenney (DC SBN 1044695)*

s/*Kristin Macleod-Ball*
Kristin Macleod-Ball (NY SBN 5340500)**

NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org
kristin@immigrationlitigation.org

s/*Marc Van Der Hout*
Marc Van Der Hout (CA SBN 80778)

s/*Johnny Sinodis*
Johnny Sinodis (CA SBN 290402)

VAN DER HOUT LLP
360 Post St., Suite 800
San Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

s/*Matt Adams*
Matt Adams (WA SBN 28287)*

s/*Leila Kang*
Leila Kang (WA SBN 48048)*

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org
leila@nwirp.org

* *Admitted pro hac vice*
** *Pro hac vice application forthcoming*

*Attorneys for Plaintiffs*

Dated: August 30, 2024