UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIAN SANCHEZ MORA, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>      Defendant. | Civil Action No. 24-3136 (BAH) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

Table of Contents ...................................................................................................................... i

Table of Authorities ................................................................................................................. ii

Background ............................................................................................................................... 1

Legal Standards ........................................................................................................................ 2

Argument .................................................................................................................................. 3

    I.    The Transferor Court Correctly Dismissed DHS From This Lawsuit. .................... 4

        A.    The Transferor Court Correctly Rejected Plaintiffs' Argument That They Plausibly Alleged a Policy-or-Practice Claim Against DHS ...................... 5

        B.    Plaintiffs' Several Relitigated Arguments Lack Merit ............................... 8

        C.    DHS is Not A Required Party .................................................................... 9

        D.    The FOIA's Definition of "Agency" Does Not Favor Reconsideration ... 11

    II.    The Transferor Court Correctly Dismissed Plaintiffs' APA Claims. ................... 12

Conclusion ............................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

Cases

*Bowen v. Massachusetts*,
   487 U.S. 879 (1988) .................................................................................................................. 12
*Cause of Action Inst. v. Off. of Mgmt. & Budget*,
   10 F.4th 849 (D.C. Cir. 2021) .................................................................................................... 6
*Center for Study of Services v. Department of Health & Human Services*,
   874 F.3d 287 (D.C. Cir. 2017) .................................................................................................... 7
*Chaverra v. Immigr. & Customs Enf't*,
   Civ. A. No. 18-0289 (JEB) 2018 WL 4762259 (D.D.C. Oct. 2, 2018) .............................. 12, 13
*Cloonan v. Holder*,
   768 F. Supp. 2d 154 (D.D.C. 2011) .......................................................................................... 10
*Cobell v. Norton*,
   224 F.R.D. 226 (D.D.C. 2004) .................................................................................................. 10
*Citizens for Resp. and Ethics in Washington ("CREW") v. Dep't. of Just.*,
   846 F.3d 1235 (D.C. Cir. 2017) ............................................................................................ 6, 13
*Citizens for Resp. & Ethics in Wash. ("CREW") v. Fed. Election Comm'n*,
   711 F.3d 180 (D.C. Cir. 2013) ................................................................................................ 5, 6
*Dunlap v. Presidential Advisory Comm. on Election Integrity*,
   319 F. Supp. 3d 70 (D.D.C. 2018) ..................................................................................... passim
*Earle v. Dep't of Just.*,
   217 F. Supp. 3d 117 (D.D.C. 2016) .......................................................................................... 10
*Earle v. Holder*,
   No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) ....................................................... 6
*Eddington v. Dep't of*,
   *Def.*, 35 F.4th 833 (D.C. Cir. 2022) ....................................................................................... 6, 9
*El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dep't of Health & Human Servs.*,
   396 F.3d 1265 (D.C. Cir. 2005) ................................................................................................ 12
*Estate of Gaither ex rel. Gaither v. District of Columbia*,
   771 F.Supp.2d 5 (D.D.C. 2011) ......................................................................................... 3, 4, 5
*Garcia v. Vilsack*,
   563 F.3d 519 (D.C. Cir. 2009) .................................................................................................. 12
*Harvey v. Lynch*,
   123 F. Supp. 3d 3 (D.D.C. 2015) .............................................................................................. 13
*Holt v. Dep't of Just.*,
   734 F. Supp. 2d 28 (D.D.C. 2010) ............................................................................................ 10
*Johnson v. Executive Office for U.S. Attorneys*,
   310 F.3d 771 (D.C. Cir. 2002) .................................................................................................. 13
*Jud. Watch, Inc. v. Dep't of Homeland Sec.*,
   895 F.3d 770 (D.C. Cir. 2018) .................................................................................................... 7
*Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770,
   (D.C. Cir. 2018) ...................................................................................................................... 7, 9

*Kissinger v. Reps. Comm. for Freedom of the Press*,
   445 U.S. 136 (1980) ................................................................................................... 6, 9
*Kittner v. Gates*,
   783 F. Supp. 2d 170 (D.D.C. 2011) ................................................................................ 3
*Lyles v. District of Columbia*,
   65 F. Supp. 3d 181 (D.D.C. 2014) .................................................................................. 3
*Montgomery v. IRS*,
   356 F. Supp. 3d 74 (2019) .............................................................................................. 3
*Newport Aeronautical Sales v. Department of Air Force*,
   684 F.3d 160 (D.C. Cir. 2012) ................................................................................... 7, 9
*Nightingale v. U.S. Citizenship & Immigration Services*,
   507 F. Supp. 3d 1193 (N.D. Cal. 2020) .......................................................................... 4
*Payne Enters., Inc. v. United States*,
   837 F.2d 486 (D.C. Cir. 1988) .............................................................................. 6, 7, 9
*Ray v. Fed. Bureau of Prisons*,
   811 F. Supp. 2d 245 (D.D.C. 2011) .............................................................................. 13
*Sanchez Mora v. U.S. Customs & Border Prot.*,
   No. 3:24-CV-02430-TLT, 2024 WL 5378335 (N.D. Cal. Nov. 4, 2024) ................ passim
*Singh v. George Washington Univ.*,
   383 F. Supp. 2d 99 (D.D.C. 2005) .................................................................................. 3
*Tereshchuk v. Bureau of Prisons*,
   Civ. A. No. 14-5278, 2015 WL 4072055 (D.C. Cir. June 29, 2015) ............................ 13
*Univ. of Colo. Health at Memorial Hospital v. Burwell*,
   164 F. Supp. 3d 56 (D.D.C. 2016) .................................................................................. 3

Statutes

5 U.S.C. § 552 ......................................................................................................... 1, 6, 11

Rules

Fed. R. Civ. P. 19(a) ..................................................................................................... 10
Fed. R. Civ. P. 19(a)(1)(A)-(B) ..................................................................................... 10
Fed. R. Civ. P. 19(b) ..................................................................................................... 11
Fed. R. Civ. P. 54(b) ................................................................................................... 2, 3

Regulations

6 C.F.R. § 5.1(c) .............................................................................................................. 9
6 C.F.R. § 5.4(a) .............................................................................................................. 9
6 C.F.R. § 5.4(c) .............................................................................................................. 9

Defendant U.S. Customs and Border Protection ("CBP"), by and through undersigned counsel, respectfully submits this opposition to Plaintiffs' motion for reconsideration or in the alternative for leave to amend complaint. By order dated November 4, 2024, the United States District Court for the Northern District of California (the "Transferor Court") granted the government's motion to dismiss the U.S. Department of Homeland Security ("DHS") as a party to the litigation. *See Sanchez Mora v. U.S. Customs & Border Prot.*, No. 3:24-CV-02430-TLT, 2024 WL 5378335 (N.D. Cal. Nov. 4, 2024). This conclusion was well-reasoned and should not be disturbed by Plaintiffs' motion because they fail to meet the standard for reconsideration of an interlocutory order. For the reasons that follow, this Court should deny Plaintiffs' motion in its entirety.

## BACKGROUND

This case is a putative class action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, in which Plaintiffs allege that CBP has engaged in a policy or practice of failing to make determinations within 30 days of the submission to CBP of FOIA requests seeking individuals' CBP records.

In their operative complaint, Plaintiffs—three immigration and criminal defense attorneys and two individual FOIA requesters—have alleged that they submitted FOIA requests to CBP and that CBP has failed to respond to those requests within thirty days. First Am. Compl. (ECF No. 42) ¶¶ 18-23 & 52-66. They do not allege, however, that any plaintiff submitted a FOIA request to DHS. *See generally id.* The operative complaint asserted three causes of action: (1) a claim under the Administrative Procedure Act ("APA") that alleges that CBP and DHS failed to ensure that CBP responded to Plaintiffs' FOIA requests within a reasonable amount of time, (2) an APA claim that alleges that CBP and DHS acted arbitrarily and capriciously by failing to ensure that CBP made records promptly available in response to Plaintiffs' FOIA requests, and (3) a FOIA claim

that alleges that CBP has an unlawful policy or practice of failing to make records promptly available. *See id.* ¶¶ 77-110.

The Government successfully moved to dismiss all but the policy-or-practice claim against CBP and transfer the remainder of the case to this District. *Sanchez Mora*, 2024 WL 5378335, at *10. As relevant to the instant motion, the Transferor Court determined that DHS should be dismissed from this lawsuit because Plaintiffs had failed to allege that they had submitted any FOIA request to DHS pursuant to DHS regulations, which is a necessary prerequisite to triggering DHS's obligations under the FOIA.[1]  *Id.* at *9.  The Transferor Court also rejected Plaintiffs' argument that DHS was properly included in the lawsuit as the parent agency of CBP, noting that "[e]ven if Plaintiffs had submitted FOIA requests to DHS, those requests still would be irrelevant to the gravamen of FOIA pattern or practice claim in this lawsuit because the CBP has an alleged pattern or practice of failing to respond to FOIA requests submitted to CBP." *Id.*  The Transferor Court also dismissed the APA claims asserted against both CBP and DHS under the APA's adequate remedy bar. *Id.* at *3-4.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure ("Rule") 54(b), "any order … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[T]he judicial interest in finality typically disfavors reconsideration," and "the granting of such a motion is an unusual measure, occurring in

---

[1] The Transferor Court noted a split of authority on whether the failure to submit a FOIA request to a defendant agency should result in dismissal for lack of jurisdiction or failure to state a claim; however, it recognized that "the result is the same" regardless, because "a FOIA lawsuit cannot proceed where the plaintiff does not submit a FOIA request to an agency in compliance with published regulations." *Sanchez Mora*, 2024 WL 5378335, at *9.

extraordinary circumstances." *Montgomery v. IRS*, 356 F. Supp. 3d 74, 79 (2019); *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011).

Reconsideration may only be granted "as justice so requires." *Univ. of Colo. Health at Memorial Hospital v. Burwell*, 164 F. Supp. 3d 56, 62 (D.D.C. 2016) (quoting *Lyles v. District of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014). The movant bears the burden of demonstrating that the court "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 226, 272 (D.D.C. 2004)). But a Rule 54(b) motion cannot be used by the plaintiff "as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Dunlap v. Presidential Advisory Comm. on Election Integrity*, 319 F. Supp. 3d 70, 81 (D.D.C. 2018) (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10, n.4 (D.D.C. 2011)).

**ARGUMENT**

Plaintiffs' arguments in support of their motion merely reiterate those previously considered and rejected. A motion for reconsideration is not an appropriate vehicle for relitigating arguments that Plaintiffs raised previously. These decisions, moreover, are correct as a matter of law: Plaintiffs failed to allege that DHS had received a FOIA request from any Plaintiff, and thus DHS cannot be held liable under the FOIA for failing to comply with any of its obligations. Moreover, the FOIA claim against CBP presents an adequate remedy that bars Plaintiffs from asserting APA claims against CBP or DHS. Because Plaintiffs have not shown any "extraordinary

circumstances" that warrant reconsideration of the Transferor Court's prior decision, it should not be disturbed.

I.      **The Transferor Court Correctly Dismissed DHS From This Lawsuit.**

Plaintiffs argue for reconsideration of the dismissal of DHS on several grounds. They argue that they need not allege that DHS failed to respond timely to a FOIA request to plead a policy-or-practice claim, as distinct from FOIA claims "seeking relief related to a specific FOIA request." Pls.' Mot. (ECF No. 79-1) at 13-15.[2] Relatedly, Plaintiffs allege that their allegations suffice to state a claim against DHS because "DHS is an integral partner with CBP, sharing responsibility for the policy or practice of untimely responses to CBP FOIA requests" because DHS "has an obligation to ensure CBP's compliance," publishes annual reports regarding its components' backlogs, and "has a distinct advantage over Plaintiffs and putative class members because it has access to all their immigration records but forces them to wait months to obtain these same records from CBP." *Id.* at 15-16. Plaintiffs also argue that it was error for the Transferor Court to consider the claim against DHS as related to a specific FOIA request rather than a distinct policy-or-practice claim, rely upon DHS's and CBP's decentralized FOIA regulations as part of its decision, and disregard the district court decision in *Nightingale v. U.S. Citizenship & Immigration Services*, 507 F. Supp. 3d 1193 (N.D. Cal. 2020). *Id.* at 16-19. Finally, Plaintiffs argue that DHS should be added as a required party under Rule 19. *Id.* at 19-24. Each of these arguments fails to persuade that this Court should grant the motion for reconsideration, as the arguments are procedurally improper for a motion under Rule 54(b) and in any event fail on the merits.

---

[2]     Unless otherwise noted, citations to documents filed on the docket are to the ECF pagination as opposed to the organic numbering within the document.

**A. The Transferor Court Correctly Rejected Plaintiffs' Argument That They Plausibly Alleged a Policy-or-Practice Claim Against DHS**

Plaintiffs' first two arguments—that policy-or-practice claims do not require that a requester submit a FOIA request to the agency before obligations under the FOIA are triggered and that its operative complaint plausibly alleges a claim against DHS, *see* Pls.' Mot. (ECF No. 79-1) at 13-16—were argued previously in Plaintiffs' opposition to the government's motion to dismiss and motion to transfer. *See* Pls.' Opp'n (ECF No. 47) at 18-20. The instant motion for reconsideration is not an appropriate vehicle for Plaintiffs to reargue points fully apprehended and considered by the Transferor Court previously but rejected. *Dunlap*, 319 F. Supp. 3d at 81. Plaintiffs' motion does not identify any change in intervening law, nor any error of apprehension on the part of the Transferor Court. For example, the Transferor Court correctly apprehended Plaintiffs' argument that the FOIA action against DHS was for a policy-or-practice claim, not just a specific request claim—and rejected it because the FOIA does not support a claim against DHS where Plaintiffs failed to submit any FOIA request to the agency. *Sanchez Mora*, 2024 WL 5378335, at *10. Plaintiffs' motion may thus be denied solely on the ground that their attempt to relitigate the merits fails to identify any appropriate cause for reconsideration under Rule 54(b).

Moreover, Plaintiffs' relitigated arguments fail on the merits. Under controlling precedent, FOIA does not impose obligations on an agency unless and until it has received a proper FOIA request. "Of course, the duties that FOIA imposes on agencies—including the requirement that an agency make a 'determination' within 20 working days, or 30 working days in 'unusual circumstances'—apply only once an agency has received a proper FOIA request." *Citizens for Resp. & Ethics in Wash. ("CREW") v. Fed. Election Comm'n*, 711 F.3d 180, 185, n.3 (D.C. Cir. 2013). This black-letter statement of law pre-dated *CREW* by decades: the Supreme Court has held that "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly';

- 5 -

(2) 'withheld'; (3) 'agency records.'  Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150–51 (1980)[3]; *see also id.* at 151 ("Several sources suggest directly that agency possession or control is prerequisite to triggering any duties under the FOIA.").  The D.C. Circuit consistently reaffirms that no duties are triggered under FOIA absent a properly served FOIA request upon the agency.  *Eddington v. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022) ("Consistent with the district court's approach, it is undisputed that 'receipt' of a FOIA request triggers an agency's obligation to respond. *See* 5 U.S.C. § 552(a)(6)(A)(i)"); *Earle v. Holder*, No. 11-5280, 2012 WL 1450574, at *1 (D.C. Cir. Apr. 20, 2012) ("federal jurisdiction is dependent upon a showing that agency improperly withheld agency records" (citing 5 U.S.C. § 552(a)(4)(B)).

The D.C. Circuit has recognized that, in "rare instance[s] of agency delinquency," *Citizens for Resp. and Ethics in Washington ("CREW") v. Dep't. of Just.v. Dep't of Just.*, 846 F.3d 1235, 1246 (D.C. Cir. 2017), prospective relief under FOIA may nevertheless be available against "an agency policy or practice" that "impair[s] [a] party's lawful access to information in the future." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988).  Policy-or-practice claims thus flow from the equitable powers that courts have to ensure that an agency complies with its duties under the FOIA once those duties are triggered by a perfected FOIA request.  "FOIA provides procedural protections for a member of the public requesting records from an agency. Upon a denial of a request, the requester may seek reconsideration by the head of the agency. Upon

---

[3] Although *Kissinger* uses the expression "federal jurisdiction," that term is understood to refer to a court's "power to order a remedy on the merits." *Cause of Action Inst. v. Off. of Mgmt. & Budget*, 10 F.4th 849, 854 (D.C. Cir. 2021) (holding that "whether the requested materials are 'agency records' goes to the merits of the dispute" rather than the Court's jurisdiction); *see also id.* at 855 (holding that 5 U.S.C. § 552(a)(4)(B) does not confer subject-matter jurisdiction).

exhausting the administrative appeal, the requester may seek judicial relief." *Judicial Watch, Inc. v. Department of Homeland Security*, 895 F.3d 770, 775 (D.C. Cir. 2018) (internal citations omitted). "FOIA lawsuits generally become moot once an agency has made available requested non-exempt records, whether voluntarily or after court order. This court has recognized an exception to mootness where an agency has a policy or practice that will impair the party's lawful access to information in the future." *Id.* at 777 (internal citations and quotation marks omitted).

Indeed, each case in which the D.C. Circuit had occasion to consider the bounds of a policy-or-practice claim involved circumstances where the Court exercised its inherent equitable powers to retain jurisdiction in a FOIA lawsuit prompted by a properly served FOIA request even after the requested information had been released. *See id.* at 773-74 (requester brought both an individual FOIA request claim and a policy-or-practice claim against agency); *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) (discussing that the lawsuit involved both a claim that the agency was improperly withholding non-exempt information, and that the agency had a policy or practice of consistently withholding this information unlawfully); *Center for Study of Services v. Department of Health & Human Services*, 874 F.3d 287, 289-90 (D.C. Cir. 2017) (requester challenged both the failure to respond to FOIA requests submitted to the agency, and seeking prospective injunctive relief to enjoin the agency's practices); *Newport Aeronautical Sales v. Department of Air Force*, 684 F.3d 160, 163 (D.C. Cir. 2012) (challenge both to the specific withholding of certain non-exempt information in response to a FOIA lawsuit, and the practice more generally).

Accordingly, the Transferor Court correctly determined that policy-or-practice claims still require that a party allege that the agency received a FOIA request. Plaintiffs' attempts to relitigate

this issue fail as an attempt to challenge the Transferor Court's prior reasoning rather than apprehension of Plaintiffs' argument, and on the merits.

### B. Plaintiffs' Several Relitigated Arguments Lack Merit

Plaintiffs' motion raises several points that the Transferor Court allegedly failed to consider previously—specifically, Plaintiffs contend that the Transferor Court incorrectly: ignored that a policy-or-practice claim does not require an allegation that the requester submitted a FOIA request to the agency, relied upon DHS's decentralization regulations to support dismissal of the claim against DHS, and disregarded the *Nightingale* decision. Pls.' Mot. (ECF No. 79-1) at 16-19. As before, Plaintiffs raised these arguments in their opposition to the government's motion to dismiss and to transfer. *See* Pls.' Opp'n (ECF No. 47) at 18 (arguing that the claim against DHS need not be dismissed even though Plaintiffs do not allege that DHS received a FOIA request from Plaintiffs); 18-19 (arguing that *Nightingale* supports its arguments that DHS should not be dismissed); 19-20 (arguing that DHS's regulations should not support dismissal of DHS). The Transferor Court apprehended these arguments, but correctly reasoned that they did not support keeping DHS in this lawsuit where Plaintiffs acknowledged that they did not submit a FOIA request to DHS. *Sanchez Mora*, 2024 WL 5378335, at *9 (citing DHS regulation that "requires that 'the component that first receives a request for a record and maintains that record is the component responsible for responding to the request'" (cleaned up); *see also id.* ("the *Nightingale* court's finding has no bearing on whether a plaintiff can bring a FOIA claim without first submitting a valid FOIA request to the agency in compliance with the agency's published regulations"). Re-litigating these issues through a motion for reconsideration is inappropriate. *Dunlap*, 319 F. Supp. 3d at 81.

On the merits, however, these arguments all fail from the same fatal defect—none of them change the fact that binding Circuit precedent requires that any claim under the FOIA (even policy-

or-practice claims) must include an allegation that the defendant agency is unlawfully withholding agency records despite receipt of a properly-perfected FOIA request. *Eddington*, 35 F.4th at 837. For example, *Nightingale*—an out-of-circuit district court decision—cannot serve as the basis for ignoring the Supreme Court and D.C. Circuit's repeated instruction that claims under the FOIA require that a requester have submitted to the defendant agency a FOIA request and unlawfully withheld agency records in response to it. *Kissinger*, 445 U.S. at 150–51; *Eddington*, 35 F.4th at 837; *Payne Enters.*, 837 F.2d at 491; *Newport Aeronautical Sales*, 684 F.3d at 163; *Judicial Watch, Inc.*, 895 F.3d at 773-74. DHS's regulations, moreover, confirm this conclusion rather than refute it. *See* 6 C.F.R. § 5.1(c) ("DHS has a decentralized system for processing requests, with each component handling requests for its records."); 6 C.F.R. § 5.4(a) ("[T]he component that first receives a request for a record and maintains that record is the component responsible for responding to the request.").[4] Accordingly, for the reasons discussed above, Plaintiffs' arguments all fail because they cannot impose obligations under the FOIA on DHS (as opposed to CBP) without having first submitted to DHS a FOIA request.

### C. DHS is Not A Required Party

Plaintiffs also argue that this Court should grant its motion for reconsideration because DHS is a required party under Rule 19. Pls.' Mot. (ECF No. 79-1) at 19-24. Plaintiffs, however, failed to make that argument in its opposition brief—or even cite Rule 19. *See generally* Pls.' Opp'n (ECF No. 47). Accordingly, this Court may reject that argument now because Plaintiffs are using a motion for reconsideration to "present[] theories or arguments that could have been advanced earlier." *Dunlap*, 319 F. Supp. 3d at 81.

---

[4] Section 5.4(a) contains exceptions located in 6 C.F.R. § 5.4(c). That regulation, governing misdirected FOIA requests, is inapplicable here and Plaintiffs have not contended otherwise.

Even on the merits, however, the argument fails. Rule 19 requires that a party be joined if:

(A) in that [party]'s absence, the court cannot accord complete relief among existing parties; or

(B) that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party]'s absence may:
    (i) as a practical matter impair or impede the [party]'s ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B). Plaintiffs fail to meet either part of Rule 19.

DHS is not required for this Court to "accord complete relief" to Plaintiffs should they prevail in this lawsuit. Fed. R. Civ. P. 19(a). Plaintiffs have properly named CBP as a defendant in this matter, and as the Transferor Court's prior decision recognized, "the gravamen of FOIA pattern or practice claim in this lawsuit [is that] the CBP has an alleged pattern or practice of failing to respond to FOIA requests submitted to CBP." *Sanchez Mora*, 2024 WL 5378335, at *9 (citing First Am. Compl. (ECF No. 42 ¶¶ 52-66). CBP is a proper party to this lawsuit. *See Cloonan v. Holder*, 768 F. Supp. 2d 154, 162 (D.D.C. 2011) ("[T]his Court has previously held that naming components as defendants under the Privacy Act is appropriate since the statute's plain language is clear that 'an agency need not be a cabinet-level agency such as the [Justice Department]' to be liable."); *but see Holt v. Dep't of Just.*, 734 F. Supp. 2d 28, 33 n.1 (D.D.C. 2010) (in FOIA suit against Justice Department and certain Department components, noting that the Justice Department "is an executive agency to which the FOIA applies, and the Court considers the [Department] as the proper party defendant."); *Earle v. Dep't of Just.*, 217 F. Supp. 3d 117, 119

n.1 (D.D.C. 2016) (noting split of authority).[5]  Thus, CBP would be bound by any decision this Court issues in favor of Plaintiffs.  *See* 5 U.S.C. § 552(a)(4)(B) ("[T]he district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

For similar reasons, DHS's absence would neither "as a practical matter impair or impede" a party's "ability to protect its interests," nor "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]" Fed. R. Civ. P. 19(b).  CBP is the proper defendant to this lawsuit, received the FOIA requests at issue, and is more than capable of protecting both CBP and DHS interests without the need to join DHS as a duplicative defendant.  DHS's decentralized FOIA regulations empower CBP to adequately protect CBP and DHS's positions with respect to compliance with the FOIA.  Moreover, CBP's obligation to comply with the FOIA is subject to this Court's jurisdiction, 5 U.S.C. § 552(a)(4)(B), and any orders in favor of Plaintiffs against CPB do not require DHS to direct CBP to comply.  There is thus no risk to inconsistent obligations stemming from DHS's absence.  Plaintiffs' speculative arguments to the contrary—even if timely asserted, which they were not—do not counsel otherwise.

### D. The FOIA's Definition of "Agency" Does Not Favor Reconsideration

Plaintiffs argue that the Transferor Court's prior decision "erred in narrowly interpreting the term 'agency' as applying only to CBP." Pls.' Mot. (ECF No. 79-1) at 24-26.  As before, Plaintiffs failed to present this argument that it could have advanced earlier, and should not be permitted to do so through this motion.  *Dunlap*, 319 F. Supp. 3d at 81.  Even on the merits,

---

[5]  CBP does not seek dismissal from this lawsuit on the grounds that it has been named as an incorrect Defendant to Plaintiffs' claims.

however, the argument fails because it misapprehends the correct basis for dismissing DHS from this lawsuit. As discussed above, to state a claim under the FOIA, the plaintiff must allege that the agency has unlawfully withheld agency records. 5 U.S.C. § 552(a)(4)(B). The government did not move for dismissal, and the Transferor Court did not grant that motion to dismiss, on grounds that Plaintiffs failed to allege that DHS is an "agency" within the meaning of the FOIA; that issue is not in dispute. Rather, the dismissal was on the grounds that Plaintiffs did not submit any FOIA request to DHS, to which DHS had unlawfully withheld records in response. *Sanchez Mora,* 2024 WL 5378335, at *9 ("Accepting the facts alleged in the [First Amended Complaint] as true, DHS did not receive a FOIA request from any of the Plaintiffs to which DHS allegedly failed to respond in a timely manner. As such, DHS did not improperly withhold agency records, and under Section 552 this Court does not have the authority under FOIA to devise remedies and enjoin DHS."). Plaintiffs' argument that the term "agency" should include DHS is irrelevant based on the allegations presented here.

## II.     The Transferor Court Correctly Dismissed Plaintiffs' APA Claims.

Plaintiffs argue in the alternative that this Court should reinstate their APA claims in the event that this Court declines to reconsider dismissal of the FOIA claim against DHS. Pls.' Mot. (ECF No. 79-1) at 26-27. Plaintiffs raised this argument previously. Pls.' Opp'n (ECF No. 47) at 2023. The Transferor Court properly apprehended this argument but rejected it in dismissing the APA claims under the adequate remedy bar. *Sanchez Mora,* 2024 WL 5378335, at *3-4. Plaintiffs thus fail to identify any appropriate grounds for reconsider the prior ruling. *Dunlap*, 319 F. Supp. 3d at 81.

Moreover, this argument also fails on the merits. "Although the APA was enacted to 'provid[e] a broad spectrum of judicial review of agency action,' such review is only permissible if 'there is no other adequate remedy' at law." *Chaverra v. Immigr. & Customs Enf't*, Civ. A. No.

18-0289 (JEB), 2018 WL 4762259, at *3 (D.D.C. Oct. 2, 2018) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) and 5 U.S.C. § 704). "The relevant question under the APA, then, is not whether private lawsuits against the third-party wrongdoer are as effective as an APA lawsuit against the regulating agency, but whether the private suit remedy provided by Congress is adequate." *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009). "[I]n determining whether an adequate remedy exists, [the D.C. Circuit] has focused on whether a statute provides an independent cause of action or an alternative review procedure." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005). Critically, the D.C. Circuit has expressly held that "FOIA offers an 'adequate remedy' within the meaning of section 704." *CREW*, 846 F.3d at 1245; *accord Harvey v. Lynch*, 123 F. Supp. 3d 3, 7–8 (D.D.C. 2015) ("[C]ourts in this Circuit have uniformly concluded that they lack jurisdiction over APA claims that seek remedies available under FOIA." (cleaned up)).

Here, because FOIA provides an adequate remedy for the relief sought, Plaintiffs' APA claims should be dismissed as "barred." *Tereshchuk v. Bureau of Prisons*, Civ. A. No. 14-5278, 2015 WL 4072055, at *1 (D.C. Cir. June 29, 2015) (per curiam); *see Ray v. Fed. Bureau of Prisons*, 811 F. Supp. 2d 245, 249 (D.D.C. 2011) (citing *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)) ("As a general rule, the FOIA is the exclusive remedy for obtaining improperly withheld agency records.")). This is true even as to Plaintiffs' claim against DHS. "Remedies that are not as effective can nevertheless be adequate, and the possibility that a plaintiff might fare worse under FOIA does not entitle [him] to bring a claim under the APA." *Chaverra*, 2018 WL 4762259, at *4 (D.D.C. Oct. 2, 2018) (cleaned up). As discussed above, the gravamen of Plaintiffs' lawsuit is that CBP (not DHS) has a policy or practice of unlawfully withholding

- 13 -

records in response to requests that Plaintiffs submitted to CBP (not DHS).  *Sanchez Mora,* 2024 WL 5378335, at *9.  The FOIA thus provides an adequate remedy for Plaintiffs.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court deny Plaintiffs' motion.  A proposed order is attached for the Court's convenience.

Dated:  February 28, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney


By:      */s/ Stephen DeGenaro*
    STEPHEN DEGENARO, D.C. Bar #1047116
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7229
    Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*