# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIAN SANCHEZ MORA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | Civil Action No. 24-3136 (BAH)<br><br>Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

Plaintiffs—three immigration attorneys and three individuals, each of whom filed Freedom of Information Act ("FOIA") requests with defendant U.S. Customs and Border Protection ("CBP")—originally filed this putative class-action lawsuit in the Northern District of California, alleging, in three counts, violations of the Administrative Procedure Act ("APA") (in Counts One and Two) and the FOIA (in Count Three) by defendants CBP and U.S. Department of Homeland Security ("DHS"). In the same decision transferring the case to this Court, the District Court in the Northern District of California ("the transferring court") dismissed the two APA claims against both defendants for lack of subject matter jurisdiction and the FOIA claim against DHS, resulting in the transfer of only the FOIA claim against defendant CBP to continue here. *Sanchez Mora v. U.S. Customs & Border Prot.*, No. 3:24-cv-2430, 2024 WL 5378335 (N.D. Cal. Nov. 4, 2024).

Plaintiffs now seek reconsideration of the transferring court's dismissal of plaintiffs' FOIA claim against DHS, or in the alternative to reinstate plaintiffs' APA claims against DHS. Pls.' Mot. to Reconsider Dismissal of FOIA Claim against Def. Dep't of Homeland Sec. ("Pls.' Mot."), ECF No. 79; *see also* Pls.' Mem. of L. in Supp. of Pls.' Mot. ("Pls.' Mem.") at 24, ECF No. 79-1 (arguing for reinstatement of plaintiffs' APA claims in the alternative). For the reasons explained

below, plaintiffs' motion is granted to reinstate the original FOIA claim, in Count Three, against DHS.

## I.    BACKGROUND

The instant case was originally filed, on April 24, 2024, by five individual plaintiffs—three immigration attorneys and two individuals—against defendants CBP and DHS in the Northern District of California.  The original complaint alleges that each plaintiff had filed FOIA requests with CBP, which "failed to make a determination" about their requests "within the 20 or, at most, 30 business days mandated by FOIA, 5 U.S.C. § 552(a)(6)(A), (B)."  Compl. ¶ 1, ECF No. 1.  This one-count complaint further alleged that defendants DHS and CBP had violated the FOIA through "a nationwide pattern or practice of failing to make determinations regarding FOIA requests for an individual's records within the statutory period," *id.* ¶ 70, prompting plaintiffs to seek class certification to "represent a class of similarly situated FOIA requesters who must wait for prolonged periods—generally over six months and sometimes longer than one year—for determinations on their FOIA requests," *id.* ¶ 1; Pls.' Mot. to Certify Class, ECF No. 8.

In mid-July 2024, defendants moved to transfer the case to this District or dismiss certain portions of the case.  Defs.' Mot. to Transfer or Dismiss, ECF No. 40.  Roughly three weeks later, plaintiffs filed the First Amended Complaint, dropping one of the original named plaintiffs from the lawsuit and adding two others, *contrast* Compl. at 1 (case header), *with* First Am. Compl. ("FAC") at 1, ECF No. 42 (case header), for a total of six named plaintiffs—three immigration attorneys and three other individuals, each of whom alleged filing at least one FOIA request with defendant CBP that was not timely processed, FAC ¶ 1; *see also id.* ¶¶ 18-23 (containing individual allegations as to the FOIA requests filed by each plaintiff, as to which CBP failed to make a timely final determination).  The FAC also added two claims against defendants alleging violations of the

Administrative Procedure Act, 5 U.S.C. §§ 706(1), 706(2)(A), (C), (D).  FAC ¶¶ 77-100 (Counts One and Two).  In response, defendants filed a revised motion to transfer the case or dismiss certain claims, arguing that venue as to two of the plaintiffs was improper in the Northern District of California, necessitating the transfer of the case to the District of Columbia, and that plaintiffs' FOIA claim against defendant DHS should be dismissed for failure to allege that any FOIA claims were submitted to DHS.  Defs.' Revised Mot. to Transfer or Dismiss at 2-3, ECF No. 46.  As to plaintiffs' new APA claims, defendants argued these claims should be dismissed entirely, since "[j]udicial review under the APA is limited to agency actions for which there is no other adequate remedy, and the FOIA provides an adequate remedy here."  *Id.* at 2.  Plaintiffs opposed the entire motion.  Pls.' Opp'n to Defs.' Revised Mot. to Transfer or Dismiss the FAC, ECF No. 47.

On November 4, 2024, the transferring court granted, in part, defendants' motion to dismiss plaintiffs' two APA claims and the FOIA claim against DHS.  *Sanchez Mora*, 2024 WL 5378335, at *1, *3-4, *9.  As is relevant to the pending motion for reconsideration, the court dismissed plaintiffs' FOIA claim against DHS "because Plaintiffs do not allege that they submitted *any* FOIA requests to DHS."  *Id.* at *9 (emphasis in original).  Plaintiffs' remaining claim, alleging a FOIA violation by defendant CBP, was transferred to this District, *id.* at *1, *5-8, where the case was randomly assigned to the undersigned.

On January 10, 2025, in compliance with this Court's Standing Order ¶ 4.c., ECF No. 62, and Minute Order (Nov. 7, 2024), the parties filed a joint meet and confer statement advising that plaintiffs intended to seek reconsideration of the transferring court's dismissal of plaintiffs' FOIA claim against DHS.  Meet & Confer Statement at 3, ECF No. 76.[1]  Adhering to the schedule

---

[1]    Pursuant to the parties' agreement in this joint meet and confer statement, Meet & Confer Statement at 4-5, all proceedings in this case other than briefing on plaintiffs' motion for reconsideration have been stayed since January 13, 2025, pending the D.C. Circuit's decision in *Washington Lawyers' Committee for Civil Rights & Urban Affairs v. U.S. Department of Justice*, No. 24-5127 (D.C. Cir.) (argued Jan. 31, 2025), which the parties anticipate

proposed by the parties and adopted by the Court, *see id.* at 5-6; Min. Order (Jan. 13, 2025), plaintiffs subsequently filed their motion for reconsideration, and the parties briefed the issue, Pls.' Mot.; Pls.' Mem.; Def.'s Mem. in Opp'n to Pls.' Mot. ("Def.'s Opp'n"), ECF No. 81; Pls.' Reply in Supp. of Pls.' Mot. ("Pls.' Reply"), ECF No. 82.  This motion is now ripe for consideration.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities."  *See also Lin v. District of Columbia*, 47 F.4th 828, 838 (D.C. Cir. 2022) ("Rule 54 allows 'any order' that 'adjudicates fewer than all the claims' in a case to 'be revised at any time before the entry of a judgment adjudicating all the claims.'" (alteration accepted) (quoting FED. R. CIV. P. 54(b))).  In contrast to a motion for reconsideration made pursuant to Rule 59(e), which governs post-judgment motions for reconsideration, "Rule 54(b)'s approach . . . can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'"  *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (quoting *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)); *see also Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) ("Rule 54(b) . . . not only authorizes the court to enter a partial final judgment but also recognizes its inherent power to reconsider an interlocutory order 'as justice requires.'" (citing *Greene*, 764 F.2d at 22)); *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 814 (D.C. Cir. 2024) ("Because the district court did not enter final judgment on any counts in the action, it could revise its orders 'as justice requires.'" (quoting *Capitol Sprinkler Inspection*, 630 F.3d at 227)).

---

"will address a pattern or practice claim under the FOIA," Meet & Confer Statement at 8.  Min. Order (Jan. 13, 2025).

"Despite the imprecision of the 'as justice requires' standard, 'it is clear that courts have more flexibility in applying Rule 54(b) than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b).'" *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30 (D.D.C. 2013) (internal quotation marks omitted) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)), *aff'd sub nom. Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014). "'The considerations embedded in the 'as justice requires' standard leave a great deal of room for the court's discretion' and, accordingly, the standard amounts to a determination 'whether relief upon reconsideration is necessary under the relevant circumstances.'" *Hisp. Affs. Project v. Perez*, 319 F.R.D. 3, 6 (D.D.C. 2016) (quoting *Wannall*, 292 F.R.D. at 30). Courts may not grant reconsideration under Rule 54(b) without limits, however; "once the parties have 'battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (quoting *Wannall*, 292 F.R.D. at 30-31).

## III.    DISCUSSION

In support of reconsideration of the transferring court's dismissal of DHS from both the FOIA and APA claims, plaintiffs argue that the transferring court "erred in construing FOIA" too narrowly, as allowing a lawsuit only against "the component agency that received the records request" and not the parent agency of that component. Pls.' Reply at 11; *see also* Pls.' Mem. at 22-24. Plaintiffs are correct, and reconsideration of the dismissal of plaintiffs' FOIA claim against DHS is warranted.[2]

The jurisdiction of federal courts to "ensure private access to requested materials" through a lawsuit brought pursuant to the FOIA "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reps. Comm. for Freedom of the*

---

[2]    Plaintiffs raise alternative arguments for the relief sought, *see* Pls.' Mem. at 11, 17, 24-26; Pls.' Reply at 3, that need not be addressed, since the pending motion is resolved on the ground discussed.

*Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).  As the transferring court explained, "[i]t is axiomatic that an agency cannot improperly withhold records if it does not receive a FOIA request for those records."  *Sanchez Mora*, 2024 WL 5378335, at *9 (citing *LaVictor v. Trump*, No. 19-cv-1900 (TNM), 2020 WL 2527192, at *2 (D.D.C. May 18, 2020); *Ghassan v. U.S. Dep't of Justice*, No. 22-cv-1615 (RDM), 2023 WL 1815650, at *2 (D.D.C. Feb. 8, 2023)); *see also Eddington v. U.S. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022) ("[I]t is undisputed that 'receipt' of a FOIA request triggers an agency's obligation to respond.").

Both parties, as well as the transferring court, agree that plaintiffs alleged filing FOIA requests with CBP.  *See* FAC ¶¶ 1, 18-23 (alleging each plaintiff has filed at least one FOIA request with CBP); Def.'s Opp'n at 1 ("In their operative complaint, Plaintiffs . . . have alleged that they submitted FOIA requests to CBP and that CBP has failed to respond to those requests within thirty days."); *Sanchez Mora*, 2024 WL 5378335, at *9 ("Plaintiffs allege that they submitted FOIA requests to CBP.").  Though acknowledging that CBP is undisputably "a component of DHS," *Sanchez Mora*, 2024 WL 5378335, at *9, the transferring court dismissed plaintiffs' FOIA claim against DHS because "Plaintiffs do not allege that they submitted *any* FOIA requests to DHS," *id.* (emphasis in original).  The reasoning urged by defendants and accepted by the transferring court was that FOIA requests submitted to CBP do not count as submitted to DHS, CBP's parent agency. *See id.* (justifying dismissal of plaintiff's FOIA claim against DHS on the grounds that "courts grant dismissal motions where a FOIA plaintiff does not establish that they submitted a FOIA request to the agency").

This reasoning suggests that, where an agency delegates to a component the responsibility of processing a FOIA request, *only* the specific component receiving a FOIA request may be sued as to that request, and the parent agency of that component may not properly be named as a

defendant, unless the parent agency received a separate FOIA request, even if identical to that submitted to the component. This approach to FOIA lawsuits, however, is inconsistent with FOIA's statutory text, which has generally been construed in this Circuit to warrant acceptance as properly named defendants either or both the agency and any component to which a FOIA request is submitted.[3] To do otherwise makes little practical difference and would incentivize the submission of duplicate FOIA requests to both parent agencies and any component that might retain responsive records, with concomitant inefficiencies and agency burdens in tracking and processing such duplicate requests.

### A.     The FOIA's Text

Starting with the statutory text, the FOIA requires "[e]ach agency" to "make available to the public information" as described in the act, 5 U.S.C. § 552(a), and authorizes jurisdiction, "[o]n complaint," for a "district court of the United States . . . to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," *id.* § 552(a)(4)(B). The plain language of the statute attaches FOIA production obligations to federal "agenc[ies]," *see generally* 5 U.S.C. § 552, and thus agencies are the only proper defendant in a FOIA action, *see Flaherty v. IRS*, 468 F. App'x 8, 9 (D.C. Cir. 2012) (FOIA "only authorizes suits against certain executive branch 'agencies,' not individuals" (citing 5 U.S.C. § 552(f)(1); *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006)); *see also, e.g.*, *Bonfilio v. OSHA*, 320 F. Supp. 3d 152, 158 n.3 (D.D.C. 2018) ("The proper defendant in a FOIA case, however, is the agency and the agency alone."). An "agency," in turn, is defined by the FOIA as "each

---

[3]     D.C. Circuit caselaw is applied in analyzing plaintiffs' motion because "in federal claims cases, the substantive law of the transferee forum will apply." *Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 201 F. Supp. 2d 1, 4 (D.D.C. 1999) (citing *In re Korean Airlines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987); *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914 (D.D.C. 1994)); *see also* FAC ¶ 13 (pleading federal jurisdiction "under 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 552 *et seq.* (FOIA statute)").

authority of the Government of the United States, whether or not it is within or subject to review by another agency," 5 U.S.C. § 551(1), including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government," *id.* § 552(f)(1).  DHS, an executive department, qualifies as an agency under this definition, as defendant recognizes.  Def.'s Opp'n at 12 (conceding that whether DHS is an agency under the FOIA "is not in dispute" and that "[t]he government did not move for dismissal . . . on grounds that Plaintiffs failed to allege that DHS is an 'agency' within the meaning of the FOIA").

To provide guidance to the public about how information may be requested pursuant to the FOIA, *see* 5 U.S.C. § 552(a)(1), agencies are required "to develop 'methods whereby[ ] the public may obtain information, make submittals or requests, or obtain decisions' under the statute and publish these procedures in the Federal Register," *Charles v. United States*, No. 21-cv-1983 (BAH), 2022 WL 951242, at *5 (D.D.C. Mar. 30, 2022) (alteration in original) (quoting 5 U.S.C. § 552(a)(1)(A)); *see also* 6 C.F.R. § 5, subpart A (establishing "Procedures for Disclosure of Records Under the Freedom of Information Act" for DHS).  As the transferring court recognized, pursuant to this requirement, DHS's regulations have established "a decentralized organization for the processing of FOIA requests," *Sanchez Mora*, 2024 WL 5378335, at *9, under which system "the component that first receives a request for a record and maintains that record is the component responsible for responding to the request," *id.* (quoting 6 C.F.R. § 5.4(a)).  While this regulatory scheme establishes that DHS's components are responsible, in the first instance, for processing and responding to individual FOIA requests relevant to each component, this process does not change the statute's directive that the promulgating agency—here, DHS—has the ultimate obligation to produce the information under the FOIA.  *See* 5 U.S.C. § 552(a), (a)(1), (a)(1)(A)

(establishing a duty for "[e]ach agency" to "make available to the public information" as laid out in the FOIA, 5 U.S.C. § 552(a), and requiring "[e]ach agency" to "separately state and currently publish in the Federal Register," *id.* § (a)(1), the "methods" to obtain this information, § (a)(1)(A)). DHS, therefore, "cannot rely on its own regulations—which treat its components as miniature agencies—to shield itself" from its statutory responsibilities under the FOIA. *CREW v. U.S. Dep't of Justice*, No. 24-cv-1497 (LLA), --- F. Supp. 3d ---, 2025 WL 879664, at *7 (D.D.C. Mar. 21, 2025); *see also id.* (explaining that, "[j]ust as one of its components can be guilty of instituting a pattern or practice, so too can [an executive agency] writ large.  If [the executive agency] has a global policy that applies to all its constituent parts or refuses to correct its components' 'noncompliance with the FOIA,'" plaintiffs might be entitled to "relief" (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988))).

Moreover, although DHS components are tasked with processing individual FOIA requests relevant to each component, DHS remains subject to statutory obligations for processing, as reflected in this agency's regulations.  *See* 6 C.F.R. § 5.3(a)(1) (explaining that "DHS's FOIA Reference Guide" and other tools "can all be used by requesters to determine where to send their requests *within DHS*" (emphasis supplied)).  DHS's own FOIA regulations additionally make clear that FOIA requests submitted directly to the agency's components still seek "DHS records," *id.*, the release of which must be approved by "the appropriate DHS official" to be considered an "official release of information" pursuant to the FOIA, *id.* § 5.1(d) ("The disclosure of exempt records, without authorization by the appropriate DHS official, is not an official release of information; accordingly, it is not a FOIA release.").

Since DHS remains responsible for compliance with the FOIA, and DHS's own FOIA regulations treat requests submitted to DHS components as "within DHS" and seeking "DHS

records," *id.* § 5.3(a)(1), requests submitted to a DHS component, such as CBP, must also be understood as submitted to DHS, the parent agency.  In the instant case, that means the transferring court's dismissal of plaintiffs' FOIA claim against DHS, which decision was based solely on the determination that plaintiffs did not submit any FOIA requests directly to DHS, *see Sanchez Mora*, 2024 WL 5378335, at *9, was erroneous, as both a factual and legal matter, since plaintiffs' allegations that FOIA requests were filed with CBP were sufficient to establish that FOIA requests were submitted to DHS.

In contrast to the position taken by defendants both in the transferring court—where defendants successfully argued that the parent agency, DHS, should be dismissed since the FOIA requests at issue were submitted to a DHS component—and in response to the instant motion for reconsideration, *see* Def.'s Opp'n at 3 (arguing that, since plaintiffs "failed to allege that DHS had received a FOIA request from any Plaintiff, . . . DHS cannot be held liable under the FOIA for failing to comply with any of its obligations"), federal government defendants have previously taken the reverse position that "FOIA lawsuits may be brought only against the federal agency, not its components," *Mingo v. U.S. Dep't of Justice*, 793 F. Supp. 2d 447, 451 (D.D.C. 2011) (collecting and comparing cases ruling both ways on this question, before ultimately dismissing an agency component "because [the parent agency] is a co-defendant in this action, and the Plaintiff has not contested" dismissal of the component); *see also, e.g.*, *Brown v. FBI*, 793 F. Supp. 2d 368, 384 (D.D.C. 2011); *Adionser v. Dep't of Justice*, 811 F. Supp. 2d 284, 290 n.1 (D.D.C. 2011).  While this latter position has found some purchase, *see, e.g.*, *Adionser*, 811 F. Supp. 2d at 290 n.1 (dismissing components of the Department of Justice ("DOJ") as defendants in a FOIA case, since "DOJ is the proper defendant in this case" and "[c]omponents of federal agencies are not covered by FOIA" (citing *Blackwell v. FBI*, 680 F. Supp. 2d 79, 86 n.1 (D.D.C. 2010))), the

majority of Judges on this Court to consider the issue have allowed individual agency components to be named as defendants, *see, e.g.*, *Brown*, 793 F. Supp. 2d at 384-85 (recognizing that some "courts in this circuit have held that the cabinet-level agency should be substituted for the component agency as the defendant in a FOIA action" but finding instead that "the FBI may be a defendant for the purposes of FOIA" (citations omitted)); *Cloonan v. Holder*, 768 F. Supp. 2d 154, 162 (D.D.C. 2011) (Lamberth, J.) ("[T]his Court has previously held that naming components as defendants under the Privacy Act is appropriate since the statute's plain language is clear that 'an agency need not be a cabinet-level agency such as the DOJ' to be liable."). While not directly considering this issue, the Supreme Court and D.C. Circuit have likewise resolved FOIA cases brought solely against agency components as defendants. *See, e.g.*, *FBI v. Abramson*, 456 U.S. 615 (1982); *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261 (2021); *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350 (D.C. Cir. 2021); *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, 995 F.3d 1014 (D.C. Cir. 2021); *Hodge v. FBI*, 703 F.3d 575 (D.C. Cir. 2013).

Importantly, despite reaching different answers to the question whether a component may properly be named a defendant in a FOIA lawsuit, this Court has uniformly agreed that the parent agency is a proper defendant in FOIA litigation involving requests submitted to the agency's components. *See, e.g., Mingo*, 793 F. Supp. 2d at 451; *Adionser*, 811 F. Supp. 2d at 290 n.1; *accord Brown*, 793 F. Supp. 2d at 385 (denying defendant's motion in FOIA lawsuit to dismiss the component because "substitution [of the parent agency] would be an unnecessary distraction" and "is not required," and *not* because substituting the parent agency as the defendant would be improper). Since in each of these cases the courts' jurisdiction over the parent agency was based solely on FOIA requests submitted to one or more components of the agency at issue, these cases

further support the determination that FOIA requests submitted to individual agency components also count as submitted to the parent agency.[4]

Defendant, meanwhile, cites no cases—and the Court is aware of none—holding that the submission of a FOIA request to an agency component is insufficient to establish that a FOIA request was submitted to the parent agency. Nor do the cases suggested by the government and then cited by the transferring court support that conclusion. *See Sanchez Mora*, 2024 WL 5378335, at *9 (citing *LaVictor*, 2020 WL 2527192, at *2; *Ghassan*, 2023 WL 1815650, at *2); Defs.' Proposed Order Granting Revised Mot. to Transfer or Dismiss the FAC at 18, ECF No. 46-1 (citing the same two cases). Instead, in *LaVictor*, "[t]he Government . . . produced evidence showing that [the plaintiff] never sent a FOIA request" to three of the four agencies he sued, and as to the fourth, he failed administratively to appeal the FOIA decision before filing suit, 2020 WL 2527192, at *3, and, in *Ghassan*, the agency was unable to find a FOIA request from the plaintiff, who offered no proof that a request was submitted, 2023 WL 1815650, at *2-3. These two cases stand merely for the uncontroversial proposition that a FOIA request must be received to "trigger[] an agency's obligation to respond," *Eddington*, 35 F.4th at 837, but are inapposite to the circumstances of the instant case, where defendant does not contest that each plaintiff submitted at least one FOIA request to CBP, Def.'s Opp'n at 1 ("In their operative complaint, Plaintiffs . . . have alleged that they submitted FOIA requests to CBP and that CBP has failed to respond to those requests within thirty days."); *id.* at 3 (arguing that plaintiffs' claim against CBP "presents an adequate remedy").

---

[4] While the D.C. Circuit did not consider this question in *Judicial Watch, Inc. v. United States Department of Homeland Security*, 895 F.3d 770 (D.C. Cir. 2018), plaintiffs are correct that, "if anything," the Circuit's decision "supports the viability of a pattern or practice claim against DHS in this case," Pls.' Reply at 5, since the complaint in *Judicial Watch* alleged that FOIA requests were submitted only to the DHS component, the Secret Service, and the Circuit held that the complaint "suffice[d] to state a plausible [FOIA policy or practice] claim" against DHS, 895 F.3d at 782; *see also id.* at 780 (holding that the "complaint meets the[] requirements" to plead a FOIA policy or practice claim).

**B.      Reconsideration is Warranted**

In opposition to reconsideration, defendant argues that "Plaintiffs failed to present this argument that it could have advanced earlier, and should not be permitted to do so through this motion." Def.'s Opp'n at 11 (citing *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 81 (D.D.C. 2018)). As plaintiffs correctly point out, however, their argument that the parent agency may be properly named as a defendant to challenge the sufficiency of the agency's response to a FOIA request, even if the FOIA request was submitted to a component of the parent agency, is offered "not to present a novel argument that could have been 'advanced earlier,' but instead, to demonstrate 'a clear error in the first order.'" Pls.' Reply at 10 (first quoting Def.'s Opp'n at 11, and then *Dunlap*, 319 F. Supp. 3d at 81). Since the argument responds to the decision issued by the transferring court, plaintiffs could not fairly have been expected to raise it before the decision was issued, and the argument was included in plaintiffs' initial filing seeking reconsideration, *see* Pls.' Mem. at 22-24, meaning the argument was timely raised.

When considering a motion for reconsideration made pursuant to Rule 54(b), a "clear error of law" in the prior ruling is a quintessential example of when reconsideration is appropriate. *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003) (citation omitted); *see also Dunlap*, 319 F. Supp. 3d at 81 (recognizing that "a court will grant a motion for reconsideration of an interlocutory order . . . when the movant demonstrates . . . a clear error in the first order" (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008))). Here, for the reasons explained, plaintiffs have demonstrated that the dismissal of their FOIA claim against DHS was inconsistent with the text of the FOIA and thus a clear error of law.

Moreover, justice requires reconsideration of the dismissal of DHS. Plaintiffs in this case claim not only that CBP has engaged in "an alleged pattern or practice of failing to respond to

13

FOIA requests submitted to CBP," Def.'s Opp'n at 10 (quoting *Sanchez Mora*, 2024 WL 5378335, at *9), but also that DHS has a legal obligation to "ensure Defendant CBP complies with its obligations under the FOIA," FAC ¶ 81, and DHS has not done so.  Specifically, plaintiffs allege that DHS violated this duty by, among other things, "fail[ing] to allocate sufficient financial or staffing resources for the handling of FOIA requests for individual records filed with CBP," *id.* ¶ 8; *see also id.* ¶¶ 36, 38, "fail[ing] to ensure that its components ma[ke] reasonable progress in reducing their backlogs" of FOIA cases, *id.* ¶ 38, and maintaining a "policy that [the FOIA does] not impose an affirmative obligation or require CBP to make determinations within the specified statutory time frames," *id.* ¶ 105; *see also id.* ¶¶ 1, 39, 40.  As plaintiffs explain, they argue that "DHS is ultimately responsible for CBP's failures and, as the parent agency, is required to provide both the resources and oversight critical to remedy CBP's noncompliance."  Pls.' Reply at 10.

If plaintiffs succeed in proving these alleged violations, the fact that "CBP would be bound by any decision this Court issues in favor of Plaintiffs," Def.'s Opp'n at 11, would be insufficient to afford plaintiffs relief.  CBP has no power to change DHS funding or staffing decisions or change agency-level policies about addressing FOIA backlogs.  Only a decision binding on DHS could provide plaintiffs with a complete remedy for the alleged violations by DHS.  Justice therefore requires reconsideration of the transferring court's prior order dismissing plaintiffs' FOIA claim against DHS.

## IV.    ORDER

Accordingly, it is hereby—

**ORDERED** that plaintiffs' Motion to Reconsider Dismissal of FOIA Claim against Defendant Department of Homeland Security, ECF No. 79, is **GRANTED**; and it is further

**ORDERED** that plaintiffs' FOIA claim against the U.S. Department of Homeland Security ("DHS"), *see* FAC at 24 (Count Three), is reinstated, and DHS is thus reinstated as a defendant in this case.

**SO ORDERED**.

Date:  June 18, 2025

_____
**BERYL A. HOWELL**
United States District Judge